## DET FORENEDE DAMPSKIBS SELSKAB v. INSURANCE CO. OF NORTH AMERICA.

Circuit Court of Appeals, Second Circuit. April 1, 1929.

No. 212.

Ira A. Campbell and Kirlin, Woolsey, Campbell, Hickox & Keating, all of New York City (Roger B. Siddall, of New York City, on the brief), for appellant.

D. Roger Englar and Bigham, Englar & Jones, all of New York City (Oscar R. Houston and M. P. Detels, both of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). ▇ It was settled by Hicks v. Guinness, 269 U. S. 71, 46 S. Ct. 46, 70 L. Ed. 168, certainly after the explanation given in Deutsche Bank v. Humphreys, 272 U. S. 517, 47 S. Ct. 166, 71 L. Ed. 383, that, when a sum is payable in the United States in dollars, any conversion from foreign currency necessary to its calculation is to be made at the exchange prevailing at the due date. The contribution at bar is conceded to have been payable in dollars in the United States, so that the only question is as to when it fell due. If this was at the time when the ship arrived at the port of destination, the decree was right; if at the completion of the adjustment, the adjusters were right.

▇ The ship's lien upon cargo for general average is possessory only (Cutler v. Rae, 7 How. 729, 8 How. 615 Appex., 12 L. Ed. 890, 1221; Certain Bags of Linseed, 1 Black, 108, 17 L. Ed. 35; Leggett v. 500 Cases of Tomatoes, 15 F.[2d] 270 [C. C. A. 2]; Cargo ex Galam, Browning & L. 167), and the master can enforce it only by retaining the goods. But the common law implied a promise by the consignee to pay the contribution when he accepted his property on discharge, though originally a suit upon this undertaking was held not to be within the jurisdiction of the admiralty (Cutler v. Rae). A general average bond is the substitute for the implied promise, and the question is whether a liquidation of the contribution by a general average settlement is a condition upon the shipowner's suit. In Birkley v. Presgrave, 1 East, 220, recovery was allowed without any preceding adjustment, and, while there had been one in Anderson v. Ocean S. S. Co., L. R. 10 App. Cas. 107, it was not apparently considered material to the cause of action. In The Oquendo, 3 Asp. 558, Sir R. Phillimore sustained a counterclaim upon an average bond which provided for an adjustment, or its equivalent, although none had been made, and the point was argued at the bar. These are the only cases we have found where the question has been squarely met. Rowlett, J., in Noreuro Traders, Ltd., v. E. Hardy & Co., 16 Lloyd's List, 319, said obiter that adjustment was not a condition upon suit; and Lush, J., in Brooks v. Allan, L. R. 5 Q. B. D. 38, that in ancient times the practice was for the master to divide the cargo in kind by way of reparation. For the last we cannot find warrant, at least as far back as article 8 of the Laws of Oleron, which seems to presuppose at least some informal appraisal and payment in money.

On the other hand, Hill, J., thought that adjustment was a condition precedent in The Christel Vinnen, 18 Lloyd's List, 376, though his remark was obiter. Judge Nelson's language in The Water Witch's Cargo (D. C.) 29 F. 159, is scarcely even a dictum, and Judge Brown's in The Allianca (D. C.) 64 F. 871, although we accepted his opinion in (C. C. A.) 79 F. 989, is at variance with the decision in Dupont de Nemours v. Vance, 19 How. 162, 15 L. Ed. 584. In that case the Supreme Court turned a libel for cargo damage into a suit for the ship's general average contribution, although there was no pretense of any preceding settlement. See, also, The Eugenia J. Diacakis, 1923 A. M. C. 305. It is difficult to see, therefore, how the consignee has no claim "capable of enforcement" before adjustment. Judge Brown's language was, moreover, not necessary to his decision, for it does not follow that the consignee was guilty of laches in awaiting the ship's initiative, even though he might have sued before. Laches was the only point under discussion.

▇ We hold that suit may be brought upon the implied obligation at the termination of

the venture and acceptance of the goods, and that the amount may be liquidated in the action or suit. The law is familiar enough in actions of tort and in many actions in contract, with liabilities which are presently due, although unliquidated. With the consistency of the notion we are not concerned; it is enough that the obligor is treated as though presently liable. An average bond may, of course, change this, and make the settlement a condition precedent upon the right of action. Such was apparently the case in Wavetree S. S. Co. v. Love, [1897] L. R. App. Cas. 373, though even then it was held that the shipowner might state the adjustment himself. Nor, indeed, was it decided even in the case of such a bond that no action could be brought as upon an unliquidated claim. However that may be, the record does not advise us of the language used in this bond; we are to take it as a substitute for the consignee's implied obligation. We need only say that, unless the contrary appears, the obligation becomes unconditionally due upon acceptance of the goods.

The libelants argue that the only exchange which will make them whole is that of the date of the statement. They have expended kroner, and can recoup only by buying the same number with the dollars which they receive as contribution. This is indeed quite true, if the owner has had no earlier occasion to convert the disbursement into dollars; but that may often be the case. A master may borrow foreign currency upon a bottomry bond; his sacrifice will be the currency so promised. But the bond may be, and normally will be, payable when the ship arrives, and the owner will be made whole only by the dollars which he then uses to buy the foreign currency in which the loan is payable. The same may be true of any other loan. The owner's convenience or necessity may require for conversion any date between the expenditure and the contribution. To the libelants, whose national currency is Danish, it naturally appears that exchange at the time of settlement will alone be a recoupment; but this would probably not seem true to an American owner, or indeed to any but a Dane. A priori there is no proper time; the matter must be fixed by some convention which will seem arbitrary to those whose interest it offends and reasonable to those whom it suits.

The same difficulty crops up as to sacrifices in kind, whether by the cargo or the ship. A consignee will ordinarily replace the loss before adjustment, and can be made whole only by the money then expended. The sixteenth rule fixes the time for cargo as of the ship's arrival, and while we agree that, because of the eighteenth rule, it is not to be extended by analogy, we assume that the ship's sacrifices would be fixed at the same time. If, for example, a ship pumped out her fuel tanks to lighten herself off a strand, she would normally refill at the nearest port. Only the cost of the replacement then made would make her whole; yet the rule cannot depend upon the varying circumstances of each case. Foreign currency is a commodity, like anything else, when one is reckoning in the currency of the forum. Some speculation is inherent in any situation, where a man will in the future be called upon to buy a commodity and may choose the moment to do so.

Salvage awards must indeed be an exception, for it will seldom be that they can be made until after the date of the ship's arrival, and indeed they will often not be earned until then. But we see no reason to make a single instance the basis of the whole rule. Besides, they will usually be converted into the currency of the adjustment before it is completed, when the owner does his business in that currency. If so, he can be made whole only by the sum which he then pays; to select the date of the adjustment will seem arbitrary. Simplicity and the balance of convenience dictate a single time at which all valuations shall be made. It appears to us that the termination of the venture is the best, and accords with such decisions as have passed upon the subject.

Decree affirmed.