## PHALEN v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
May 6, 1929.

No. 178.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Arthur H. Longfellow, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Park, Mattison & Lynch, of New York City (Henry E. Mattison, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This libel alleges that this cause of action for collision damages arose on April 19, 1920, but suit therefor was not commenced until January 27, 1927, nearly seven years after the cause of action arose, and two years since the passage of the Public Vessels Act (Act March 3, 1925, 43 Stat. 1112 (46 USCA §§ 781–790).

Paragraph 5 of the libel alleges that the libelant elects to have the suit proceed in accordance with the principles of admiralty in personam and in rem as provided in the Suits in Admiralty Act, approved March 9, 1920 (41 Stat. 525; 46 USCA §§ 741–752) and the Public Vessels Act, approved March 3, 1925 (43 Stat. 1112). Exceptions filed to the libel were overruled and an interlocutory judgment was entered. The question presented by this appeal is whether there is a time limitation within which suit must be brought against the United States under the Public Vessels Act. That act provides that a libel may be filed in personam against the United States, or a petition interpleading the United States may be made for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage rendered to a public vessel of the United States. Section 2 (43 Stat. 1112) provides:

"Such suits shall be subject to and proceed in accordance with the provisions of an act entitled 'An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes,' approved March 9, 1920, or any amendment thereof, in so far as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

And section 5 of the Suits in Admiralty Act (41 Stat. 526) provides:

"That suits as herein authorized may be brought only on causes of action arising since April 6, 1917: Provided that suits based on causes of action arising prior to the taking effect of this act shall be brought within one year after this act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises."

Jurisdiction may be challenged at any stage of the proceedings. Panama Ry. Co. v. Johnson (C. C. A.) 289 F. 964, affirmed 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. The Public Vessels Act grants jurisdiction against public vessels which had been theretofore denied. Such a grant of jurisdiction must be clearly shown, and doubt as to the construction of the provisions of the statute granting the same will be resolved in favor of the government. Blackfeather v. United States, 190 U. S. 368, 23 S. Ct. 772, 47 L.

Ed. 1099, Price v. United States, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011. The Public Vessels Act states that suit brought thereunder shall be subject to and proceed in accordance with the provisions of the Suits in Admiralty Act, in so far as the same are not inconsistent therewith. Section 5, limiting the time for the commencement of suits arising before the passage of the act, limited it to one year, and this limitation is not inconsistent with the provisions of the Public Vessels Act. No other limitation is set forth in the Public Vessels Act, and time limitation may only be obtained by incorporating by reference the provisions of section 5 of the Suits in Admiralty Act. Section 5 refers to April 6, 1917, as the date since which causes of action must arise in order to be brought within the Suits in Admiralty Act, whereas the Public Vessels Act fixes the date as April 6, 1920. But this does not affect the time limitation when suit may be commenced. If suits under the Public Vessels Act are to be brought subject to and proceed in accordance with the provisions of the Suits in Admiralty Act, section 5 of that act, which limits the time of suit, is effective as a time limitation. The Public Vessels Act was designed to take the place of the many private acts which were introduced in Congress and passed allowing suits against the government. In those several acts, Congress set a time in which such suit must be brought, usually four months, and thus indicated the intent of Congress to be that, where the government was sued, there should be some time limitation. If section 5 of the Suits in Admiralty Act is not incorporated in the Public Vessels Act, the two-year limitation as to suits brought after the act went into effect must fall with the one-year limitation. But it is essential to apply, as far as can be, the limitation of the Suits in Admiralty Act, and still be consistent with the Public Vessels Act. In re U. S. Steel Products Co. (C. C. A.) 24 F.(2d) 660. There was a want of jurisdiction below to enter an interlocutory decree.

Decree reversed.