## THE ZELLER NO. 8.

## MACKENZIE v. McALLISTER LIGHTERAGE LINE, Inc., et al.

### No. 16105.

### District Court, E. D. New York.

### April 9, 1942.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (John C. Donovan, Sp. Asst. to the U. S. Atty., of New York City, of counsel), for respondent-impleaded.

Dow, McAllister & Symmers, of New York City, for respondent.

Purdy & Lamb, of New York City, for libellant.

CAMPBELL, District Judge.

This is a motion made on behalf of the United States of America to dismiss the above entitled suit on the ground that the Court has no jurisdiction of the subject matter.

Of course, what I suppose the United States claims, is that the suit must be dismissed as against it.

The petition alleges that the scow "Zeller No. 8" owned by libellant, was at the direction of those in charge of the U.S.A.T. Ludington, owned, operated and/or controlled by the United States of America, placed alongside of the No. 5 hatch of the U.S.A.T. Ludington upon the arrival of the "Zeller No. 8" at Gravesend Bay, and during all of the time she was alongside the Ludington, she was under the management and control, care and custody of the U.S. A.T. Ludington and those in charge thereof and other agents and/or employees of the United States Government, and that while alongside of the U.S.A.T. libellant's scow was damaged as the result of pounding in heavy seas against the sides of the said U.S.A.T. Ludington.

So much as is necessary for consideration here of Title 46, Section 781, U.S.C.A., under which the libel herein was filed reads as follows: "Section 781. Libel in admiralty against or impleader of United States. A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, * * *."

On behalf of the Government, the contention is that the damages were not caused by the Ludington, but by the waves bringing the "Zeller No. 8" into contact with the Ludington.

This is altogether too fine a distinction, as it is quite certain that with the waves moving the "Zeller No. 8" the Ludington was not stationary, but was likewise in motion, and participating in the pounding, and the "Zeller No. 8" was placed where she was on the direction of those in charge of the Ludington, and the damage was caused by the Ludington.

There is no doubt in my mind that the statute which is a remedial one was passed

to cover cases of this character, and therefore, Phalen v. United States, 2 Cir., 32 F.2d 687, is not in point, neither is the case of The Talabot, 1923 A.M.C. 1223, in point.

Motion denied.