### THE EVERETT FOWLER.

### CONNERS MARINE CO., Inc., v. PETTERSON LIGHTERAGE & TOWING CORPORATION et al.

#### No. 84.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1945.

Motion Denied Dec. 21, 1945.

See 152 F.2d 657.

---

* The memorandum reads as follows:

"4-28-42

"AS"

Purdy & Lamb, of New York City (Edmund F. Lamb and Thomas J. Irving, both of New York City, of counsel), for libellant-appellee.

Kirlin, Campbell, Hickox & Keating, of New York City (Robert S. Erskine and John F. Gerity, both of New York City, of counsel), for respondent-appellant.

John F. X. McGohey, of New York City (Vincent A. Catoggio, of New York City, of counsel), for United States.

Before L. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

██ Petterson, the charterer, is liable to the owner. See O'Donnell Transportation Co. v. M. & J. Tracy, Inc., 2 Cir., 150 F.2d 735; there we held that a charterer is thus liable where its consignee is negligent, on the ground that the charterer must at all times care for the barge while under charter to him, and that that duty may not be delegated. The United States, the consignee, was negligent here in failing to provide a safe berth after receiving notice of the storm and of the resultant danger to the barge. Petterson's contention that it was not sufficiently shown that the owner's bargee was free from negligence lacks

merit. The bargee, having notified Petterson in time to prevent the damage did all that he could reasonably be expected to do.

 There was no jurisdiction, under the Public Vessels Act, 46 U.S.C.A. § 781, to entertain the charterer's petition against the United States. Canadian Aviator Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, is not in point, because the damage to the barge was not chargeable to the negligence of persons on the stakeboat, nor was it sufficiently shown that the danger was caused by pounding against the stakeboat. But the court had jurisdiction of that petition under the Tucker Act, 28 U.S.C.A. § 41(2); for an action under that statute may be maintained for the breach by the United States, as consignee, of its contractual obligation to the charterer. It is of no moment that the petition stated that it was "filed under" the Public Vessels Act. As the petition showed a cause of action, the label should be disregarded.

It follows that the United States, because of its obligations to Petterson, is primarily liable, and Petterson secondarily.

Reversed as to the United States; affirmed as to respondent Petterson.