**EASTERN TRANSPORTATION CO. v. UNITED STATES (two cases).**

**THE J. P. HUPPMAN.**

**THE JOAN KUNKEL.**

No. 85, Docket 20357.

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1947.

John F. X. McGohey, U. S. Atty., of New York City (Max Taylor, Sp. Asst. to U. S. Atty., of New York City, of counsel), for respondent-appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit judge.

This is an appeal from a judgment recovered by the petitioner Eastern Transportation Company against the United States in an action brought under the Tucker Act, 28 U.S.C.A. § 41(20), to recover freight payable by the terms of a charter party entered into between the petitioner and the respondent, wherein it was provided that the petitioner's barge J.

P. Huppman should transport from New York to Baltimore 700 tons of phosphate rock at the rate of $3 per ton, and that: "freight is payable in full without any deduction on delivery of cargo in barge alongside dock or wharf at destination." Both of the above suits were consolidated and a decision in the first will dispose of the second.

The petitioner's complaint alleged that its barge J. P. Huppman on May 12, 1943, delivered 1,400,000 pounds of phosphate rock at Baltimore pursuant to the respondent's order and that there was thereby due petitioner the sum of $1,890.12 as earned freight. The complaint further alleged that only $1,032.67 of the foregoing sum had been paid and demanded judgment for the balance of $857.45 with interest from date of delivery. The respondent filed its answer setting up separate defenses and counterclaims for (1) cargo damage in the sum of $510.21, (2) demurrage in the amount of $347.24, and (3) expenses of $57.50 due to the alleged unseaworthiness of the vessel. On petitioner's motion the answer was stricken out and a so-called final judgment granted for the balance claimed to be due, i.e., for $857.45 together with interest from the date of entry of judgment.

▆▆▆ The answer was stricken out on the authority of the decision of this court in James Richardson & Sons, Ltd. v. 158,-200 Bushels etc., 2 Cir., 90 F.2d 607. But it was only held in that case that where a charterparty provided that 80% of the freight was payable on arrival of the vessel "cargo lost or not lost," the cargo owner could not obtain possession of his cargo without paying 80% of the freight, even though the shipowner refused to provide security for the cargo owner's claim for demurrage. The clause in the present charterparty rendered the freight "payable in full without any deduction on delivery of the cargo." The carrier here relinquished any lien it may have had for freight by delivery of the entire cargo and thus discharged the lien, which in James Richardson & Sons, Ltd. v. 158,-200 Bushels etc., 2 Cir., 90 F.2d 607, had been retained. The clause of the present charterparty in no way barred the respond-

ent from asserting claims for damages arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *" Such claims had to be asserted by respondent because of the requirements of Federal Rules of Civil Procedure, Rule 13(a), 28 U.S.C.A. following section 723c. Under that rule the claims set up in the respondent's answer were "Compulsory Counterclaims" which had to be asserted in the action. Therefore, the order striking out the answer was erroneous and must be reversed in order that the respondent may have an opportunity to assert its counterclaim.

▆▆▆ The question remains whether the judgment should stand which has allowed recovery of the balance of the freight money without any deduction of anything that may be due upon the respondent's counterclaim. The petitioner argues that the clause that the freight should be payable "without any deduction" is intended to prevent delays in the collection of freight through dilatory and frivolous defenses and ought to be enforced by allowing a final judgment for the full amount of the freight under its agreement. There are several objections to such a course. In the first place a final judgment cannot be entered under the Federal Rules where a compulsory counterclaim is set up and remains undisposed of. Audi Vision Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574. See also 1 Moore's Federal Practice, page 691. In the case at bar a final judgment was only entered because the answer had been erroneously stricken out and the counterclaims and defenses were thus eliminated. In addition to this, Federal Rule 54(b), 28 U.S.C.A. following section 723c, provides that while the court may enter judgments at various stages it is only to enter a judgment "upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim * * *." Professor Moore construes this rule as precluding an adjudication of the original claim until the court has disposed of all issues relating to compulsory counterclaims. 3

Moore's Federal Practice, page 3157. This construction was adopted by the Court of Appeals of the District of Columbia in Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19, and follows from our own decision in Audi Vision Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, supra.

■ It may perhaps be contended that because of some of the general language of the opinion by Judge Sibley in Lynn v. United States, 5 Cir., 110 F.2d 586, Federal Rules do not apply to an action brought under the Tucker Act. That decision, however, related to a joinder of the claims of other litigants which though permitted by the terms of Federal Civil Rules was not authorized by the Tucker Act. The provisions of 28 U.S.C.A. § 761 would seem to make the Rules we have discussed applicable to the case before us.

■ The construction of the charterparty contended for would seem to render the clause as to payment of freight amount to an agreement that final judgment might be entered without reference to counterclaims. Such a result, depriving the shipper of all defenses and enabling the shipowner to collect its full claim by execution, irrespective of any counterclaim or set-off even though the shipowner might be insolvent ought to be of the clearest sort. We do not find that the language here had such an indubitable effect and consequently we hold that the claim is subject to the ordinary defenses allowed under the rules.

■ But aside from these considerations, 31 U.S.C.A. § 227 provides that, even when a final judgment against the United States is presented to the Comptroller General for payment, if the claimant is indebted to the United States in any manner "it shall be the duty of the Comptroller General * * * to withhold payment of an amount of such judgment equal to the debt thus due to the United States * * *. And if such debt is not already in suit, it shall be the duty of the Comptroller General of the United States to cause legal proceedings to be immediately commenced to enforce the same, and to cause the same to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the amount so withheld as before provided, the balance shall then be paid over to such plaintiff by such Comptroller General of the United States with 6 per centum interest thereon for the time it has been withheld from the plaintiff."

The foregoing statutory provision would render any agreement for final judgment against the United States that is to be entered irrespective of set-offs and counterclaims ineffectual and would render an agreement for entry of a final judgment in disregard of such cross-claims invalid. Therefore, whatever be the proper interpretation of the clause in the charterparty it does not dispose of the assertion of any set-off or counterclaim in order to reduce the petitioner's claim for freight, even though the petitioner be, as is the fact, a private and not a common carrier.

■ The judgment obtained, if good as an interlocutory determination, was not in any case a final judgment and could not be made so under the Federal Rules because cross-claims were asserted and were not disposed of. As a final judgment, which it purports to be, it cannot stand.

The order striking out the answer and the judgment are reversed and the case is remanded with direction to proceed in accordance with the views stated in this opinion.