## AMERICAN PRESIDENT LINES, Limited, v. UNITED STATES.

District Court, S. D. New York.
Sept. 25, 1947.

Dow & Symmers, of New· York City (William G. Symmers and John S. Stillman, both of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City, for this motion only (William H. Postner, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This is a motion brought by the defendant, United States of America, for an order dismissing the complaint for lack of jurisdiction over the subject matter of the action and over the person of the defendant.

The complaint, filed on April 22, 1947, alleges that the action is brought under "paragraph 20 of section 24 of the Act of March 3, 1911, commonly called the Tucker Act, 36 Stat. 1093, as amended, U.S.C.A., Title 28, § 41(20), and is founded upon express contracts with the Government of the United States." The complaint further discloses that plaintiff owned, operated and controlled numerous steamships; that defendant, through its Navy Department, entered into contracts with the plaintiff, between June 1940 and September 1941, for the carriage or transportation of foodstuffs and supplies; that the transportation by plaintiff of said supplies was to be performed in accordance with the terms and conditions of Government standard form

bills of lading (a copy of which is not annexed to the complaint, although alleged so to be); that plaintiff performed all its obligations under the contracts but that defendant, contrary to the terms, conditions and provisions of its contract and bills of lading, deducted and withheld part of the freight moneys due plaintiff. It is this sum thus deducted, which plaintiff seeks to recover in this action.

■ For the purpose of this motion, the defendant admits the facts alleged in the complaint.

■ Defendant contends that the cause of action alleged lies within the Suits in Admiralty Act, §§ 1–12, 46 U.S.C.A. §§ 741–752, and that said Act is plaintiff's exclusive remedy against the United States. It seems clear from Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U. S. 320, 50 S.Ct. 118, 74 L.Ed. 451, that the Suits in Admiralty Act furnishes the exclusive remedy in Admiralty against the United States on all maritime causes of action arising out of the possession or operation of merchant vessels by the United States. The question presented here is whether the law is otherwise where the vessels concerned are not operated by the United States but where the cargo is owned by the United States and shipped on privately owned vessels and a cause of action arises in connection with such shipment. The court by its own search has not been able to locate a controlling case directly in point and counsel have furnished none. In the Johnson case, supra, the Supreme Court concluded that the remedies given by the Suits in Admiralty Act are exclusive in all cases where a libel might be filed under it.

Section 742 of the Suits in Admiralty Act provides:

"In cases where * * * if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * *".

■ As the court views the complaint in this action, it concludes that it is based upon a contract of affreightment and such being a "maritime contract" an action upon it is cognizable in courts of admiralty. Morewood v. Enequist, 23 How. 491, 64 U.S. 491, 16 L.Ed. 516.

While a reading of section 742, supra, standing alone, might lead to the conclusion that plaintiff in this case could proceed only under the Suits in Admiralty Act, the Supreme Court has made it clear in the Johnson case, supra, and in U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg Bros., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531, that the remedy under the Act is exclusive in all maritime claims arising out of the possession or operation of merchant vessels of the United States. This action does not arise out of the possession or operation of a government vessel.

■ That the contract in the case at bar is maritime by its nature does not seem to preclude an action upon it based on the Tucker Act. Cf. The Everett Fowler, 2 Cir., 151 F.2d 662, where in an action for damages to a barge the court held that an action under the Tucker Act could be maintained for the breach by the United States, as consignee, of its contractual obligation to the charterer. See Id., 2 Cir., 152 F.2d 657, certiorari denied U. S. v. Petterson Lighterage & Towing Corp., 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029.

In Eastern Trans. Co. v. United States, 2 Cir., 159 F.2d 349, an action was brought against the United States under the Tucker Act, to recover freight payable by the terms of a charter party. True, the court did not there consider whether the action was properly brought under the Tucker Act, for, apparently, the question was never raised but in undertaking to dispose of the case on its merits it can fairly be assumed that the Circuit Court felt that it had jurisdiction.

■ Many cases have been cited in the briefs of counsel but in those cases which held that a suit would not lie under the Tucker Act against the United States, in a maritime cause of action, the action arose out of the possession or operation of merchant vessels by the United States. Although the Suits in Admiralty Act refers to "cargo owned or possessed by the United States", the court is persuaded that

112

it was intended to refer to actions concerning cargo which arose out of the operation of merchant vessels by the United States and not to the type of action herein.

Motion denied. Settle order on notice.