### STATES MARINE CORP. OF DELAWARE
### v.
### UNITED STATES.

United States District Court
S. D. New York.
April 20, 1954.

Kirlin, Campbell & Keating, New York City, for plaintiff. John F. Gerity, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for defendant, appearing specially. Benjamin H. Berman, Hubert H. Margolies, Attys., Department of Justice, Washington, D. C., of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant, appearing specially, moves pursuant to Rule 12(b) (1) (2) and (6), Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the grounds

(1) that the Court lacks jurisdiction over the subject matter and over respondent;

(2) that the complaint fails to state a claim upon which relief can be granted, and

(3) that the alleged claims are cognizable exclusively under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and that suit was not commenced within two years after January 28, 1948, the date on which plaintiff's alleged claims arose, as required by § 745 of said Act.

Plaintiff is the owner of the S. S. Lone Star State, a privately owned and operated merchant vessel, which sailed from New York in December, 1947 carrying, among other things, certain cargo owned by the defendant United States of America. During the voyage, the vessel was stranded off Palomina, Greece. Both vessel and cargo were subsequently saved and plaintiff thereupon sought from defendant, as owner of part of the cargo, a general average contribution toward the expenditures for rescue.

The question presented on this motion is whether a suit for general average contribution by government cargo is maintainable under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), upon which plaintiff has based its action, or whether the claims alleged in the complaint are cognizable exclusively under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The jurisdictional basis for suit is crucial; if the Suits in Admiralty Act is the statute exclusively applicable, then this action was not brought within the two-year limitation period of the Act, 46 U.S.C.A. § 745. If, however, the Tucker Act is a proper jurisdictional basis, the suit was commenced within the six-year limitation period of that statute. 28 U.S.C.A. § 2401(a).

The Suits in Admiralty Act of March 9, 1920, provides in part as follows:

Section 741 [Sec. 1 of the Act]. "No vessel owned by the United States * * * or in the possession of the United States * * * or op-

erated by or for the United States * * * and no cargo owned or possessed by the United States * * * shall, in view of the provision herein made for a libel in personam, be subject to arrest or seizure by judicial process in the United States or its possessions * * *."

Section 742, Section 2 of the Act, provides in part as follows:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States * * * provided that such vessel is employed as a merchant vessel * * *. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. * * *"

Defendant contends that an action for general average contribution by government cargo can *only* be brought under the provisions of § 742 for libels in personam, that no other statute authorizes the instant action against the United States, and that the instant action is now barred by the two-year statute of limitations. Defendant urges, in support of its contention, that prior to the Suits in Admiralty Act, the plaintiff would have had a lien on the government cargo for general average contribution and that this lien could have been enforced by a libel in rem against the cargo itself. The Davis, 1869, 10 Wall. 15, 77 U.S. 15, 19 L.Ed. 875. One purpose of the Suits in Admiralty Act, defendant urges, was to obviate the possibility of such detention and interference with government-owned cargo. This is the reason, defendant contends, for the Act's specific provision that "no cargo owned or possessed by the United States * * * shall, in view of

the provision * * * made for a libel in personam, be subject to arrest or seizure by judicial process in the United States * * *." 46 U.S.C.A. § 741. In lieu thereof § 742 authorizes the filing of a libel in personam against the United States. Defendant urges that a libel in personam was the exclusive remedy available in the instant case, and that the present action, brought under the Tucker Act, must be dismissed.

■ Defendant correctly asserts that where the Suits in Admiralty Act affords a remedy, that remedy is exclusive. See Johnson v. U. S. Shipping Board Emergency Fleet Corp., 1930, 280 U.S. 320, 326, 50 S.Ct. 118, 74 L.Ed. 451 and 46 U.S.C.A. § 745. Thus, if the instant plaintiff could have proceeded under the Suits in Admiralty Act, he cannot proceed under any other statute.

■ I am convinced, however, that the Suits in Admiralty Act does not apply to the instant case, involving government-owned cargo carried on a *private vessel*, and that the reference in the Act to "cargo owned or possessed by the United States" was intended to refer only to actions concerning cargo which arose out of the operation of merchant vessels by or for the United States.

This question was squarely considered in American President Lines, Ltd. v. United States, D.C.S.D.N.Y.1947, 75 F. Supp. 110, at pages 111–112, where a private carrier sued the government upon a contract for transportation of government-owned cargo. In holding that suit under the Tucker Act was proper, Judge Hulbert stated:

"While a reading of section 742, supra [Suits in Admiralty Act], standing alone might lead to the conclusion that plaintiff in this case could proceed only under the Suits in Admiralty Act, the Supreme Court has made it clear in the Johnson case, supra [280 U.S. 320, 50 S.Ct. 118], and in U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg Bros., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531, that the remedy under the

Act is exclusive in all maritime claims arising out of the possession or operation of merchant vessels of the United States. This action does not arise out of the possession or operation of a government vessel.
* * *

"Many cases have been cited in the briefs of counsel but in those cases which held that a suit would not lie under the Tucker Act against the United States, in a maritime cause of action, the action arose out of the possession or operation of merchant vessels by the United States. Although the Suits in Admiralty Act refers to 'cargo owned or possessed by the United States', the court is persuaded that it was intended to refer to actions concerning cargo which arose out of the operation of merchant vessels by the United States and not to the type of action herein."

The American President Lines case was relied on and cited with approval in Alcoa Steamship Company v. United States, D.C.S.D.N.Y.1948, 80 F.Supp. 158; reversed on other grounds, 2 Cir., 1949, 175 F.2d 661; affirmed 1949, 338 U.S. 421, 70 S.Ct. 190, 94 L.Ed. 225 [1] and in Ryan Stevedoring Co. v. United States, 2 Cir., 1949, 175 F.2d 490.

Judge Leibell, the district judge, in the Alcoa case made this significant statement, 80 F.Supp. at page 163:

"The fact that the government owned the cargo does not make this a claim to which the Suits in Admiralty Act applies. The Suits in Admiralty Act substituted a libel in personam for a libel in rem where a government owned merchant vessel or cargo might otherwise be subject to an in rem proceeding."

In the Ryan case, Judge Clark, writing for the Court, noted his approval of this principle, 175 F.2d at page 493:

"[W]e agree with the district judge upon the ground which he actually chooses, that the liability referred to in the statute as arising from the government's ownership of cargo must be one 'directly connected with the Government's ownership and operation of a vessel,' citing American President Lines v. United States, D.C.S.D.N.Y., 75 F.Supp. 110, 112, which is in accord."

The sole authority cited in support of defendant's interpretation of the statute in an "Order Confirming Jurisdiction" in which the District Court for the Northern District of California, in a brief opinion, concluded that the Suits in Admiralty Act does afford a basis for recovery in a case substantially identical with the instant case. Pacific Far East Lines, Inc. v. United States, 1952 A.M.C. 815 (N.D. Cal.1952). On the basis of the authorities already cited, however, I cannot agree.

Furthermore, an examination of the circumstances under which the Suits in Admiralty Act was enacted demonstrates that the primary purpose of Section 741 et seq. of the Act was to prevent seizure of government-owned or operated *vessels* and that the provisions of the Act were not intended to apply in cases where government-owned cargo was carried on *private* vessels. See Judge Clark's opinion in Ryan Stevedoring Co. v. United States, supra; Robinson, on Admiralty (1939) pp. 269–278; 39 Yale L.Journal 1189(1930).

I therefore conclude that the liability of the Government as an owner of cargo was properly asserted under the Tucker

---

[1]. When the Alcoa case was appealed to the Court of Appeals, and ultimately to the United States Supreme Court, the Government did not raise the jurisdictional question, as it had done in the District Court. The Supreme Court decided the case on the merits without questioning the Tucker Act as a basis for jurisdiction. It is to be noted that had either the Court of Appeals or the Supreme Court believed that jurisdiction under the Tucker Act was improper, either Court could have raised and determined the question. See Chicago, B. & Q. R. Co. v. Willard, 1911, 220 U.S. 413, 419, 31 S. Ct. 460, 55 L.Ed. 521.

Act, and that the Suits in Admiralty Act does not apply since no vessel owned or operated by or for the United States is involved in the instant case.

The motion to dismiss is denied. Settle order.