### GULF OIL CORP.
#### v.
### UNITED STATES.

United States District Court,
S. D. New York.

May 27, 1954.

**938**

———◆———

Burlingham, Hupper & Kennedy, New York City (Herbert M. Lord, New York City, of counsel), for libelant.

J. Edward Lumbard, U. S. Atty., New York City, for respondent.

GODDARD, District Judge.

This is a motion by the United States to dismiss a libel brought against it under the Suits in Admiralty Act, 46 U.S. C.A. § 741 et seq., for general average contribution.

Libelant, owner of the tanker, Gulfhorn, chartered it to the United States under a "Tanker Voyage Charter Party". The Gulfhorn sailed, with a full cargo of gasoline owned by the United States, from Mobile. She later struck an obstruction, lost her propeller, and was towed back to Mobile. Resulting port of refuge expenses gave rise to a general average claim against the United States.

The Government, in its motion, relies solely upon a recent decision in this district, States Marine Corporation of Del. v. United States, D.C., 120 F.Supp. 585, 587, notwithstanding the fact that the Government states that it disagrees with that decision. It was held in the States Marine case that a claim against the United States for general average contribution, where the United States owned part of a private merchant vessel's cargo, was not cognizable under the Suits in Admiralty Act where the vessel was not operated " 'by or for the United States' ".

I believe that the States Marine decision is distinguishable and inapplicable to the present situation. In the case at bar, the Gulfhorn, concededly privately owned and operated, was under a voyage charter to the United States and exclusively in the service of the United States;

carrying only government cargo. The Supreme Court recently recognized that a vessel in a similar situation was operated "for the United States" and the Suits in Admiralty Act was applicable. Calmar S. S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733, 97 L.Ed. 1140.

The exceptions to the libel are overruled and the motion to dismiss is denied.

Settle order on notice.