**PRUDENTIAL S. S. CORP.**
v.
**UNITED STATES.**

United States District Court,
S. D. New York.
June 2, 1954.

Thacher, Proffit, Prizer, Crawley & Wood, New York City, for libelant, by John C. Crawley, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent, appearing specially.

GODDARD, District Judge.

This is a motion by the government to dismiss a libel filed under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

Libelant is the owner and operator of the S. S. Newberry Victory, a merchant vessel. Early in January, 1952, respondent shipped certain cargo aboard the vessel. Laden with this cargo of respondent's and with other cargo, the vessel sailed bound for Casablanca to which respondent's cargo was consigned, and for Genoa, to which the other cargo was assigned. However, the vessel, with respondent's cargo aboard, stranded off Casablanca. Certain rescue expenses were incurred for which libelant seeks in this suit a general average contribution from respondent, as owner of part of the cargo.

The government, in its motion to dismiss, relies upon a recent decision in this district, States Marine Corp. v. United States, D.C., 120 F.Supp. 585, although it states that it disagrees with that decision. In the States Marine case, the owner of a privately owned and operated merchant vessel sued under the Tucker Act, 28 U.S.C.A. § 1346(a)(2), for a general average contribution from the government, the owner of part of the vessel's cargo. Judge Irving R. Kaufman denied a motion by the government to dismiss. He held that where the Suits in Admiralty Act provides a remedy it is exclusive, cf. Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451 but that Act applied to suits involving government cargo only where the cargo was carried on merchant vessels operated by or for the United States. The States Marine decision relied upon American President Lines v. United States, D.C., 75 F.Supp. 110, and Alcoa S. S. Co. v. United States, D.C., 80 F.Supp. 158, both decided in this district, and upon Ryan Stevedoring Co. v. United States, 2 Cir., 1949, 175 F.2d 490, all of which so interpreted the Suits in Admiralty Act. In the Ryan case, the Court of Appeals for this Circuit stated, 175 F.2d at page 493:

> " * * * the liability referred to in the statute as arising from the government's ownership of cargo must be one 'directly connected with the Government's ownership and operation of a vessel' * * *."

Although I have some doubt about the matter, in the interest of judicial consistency I feel that I should follow the interpretation of the Suits in Admiralty Act announced in this district and approved by the Court of Appeals for this Circuit.

Since, in the case at bar, the vessel was not operated by or for the United States, the motion to dismiss is granted.

Settle order on notice.