**PRUDENTIAL STEAMSHIP CORPORA-TION, Libellant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**STATES MARINE CORPORATION OF DELAWARE, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Nos. 86, 145, Dockets 23151, 23222.**

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1954.

Decided Feb. 24, 1955.

Rehearing Denied March 29, 1955.

**656**

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for libellant-appellant, John C. Crawley and John J. Leibell, New York City, of counsel.

Kirlin Campbell & Keating, New York City, for plaintiff-appellee, John F. Gerity and Walter P. Hickey, New York City, of counsel.

Warren E. Burger, Asst. Atty. Gen., J. Edward Lumbard, U. S. Atty., New York City, Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, and Hubert H. Margolies, Washington, D. C., and Benjamin H. Berman, New York City, Attys., Dept. of Justice, for the United States.

Before SWAN, FRANK and HINCKS, Circuit Judges.

SWAN, Circuit Judge.

These appeals, which were argued together, present closely related questions as to the jurisdiction of the District Court in suits to recover general average contribution from the United States as owner of part of the cargo carried on a privately owned and operated merchant vessel.

In the Prudential case the vessel owner brought a libel under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

An exception challenging the jurisdiction of the court was sustained and the libel was dismissed pursuant to an opinion by Judge Goddard reported in 122 F. Supp. 164. Although expressing doubt about the matter, Judge Goddard felt that in the interest of judicial consistency he should follow the interpretation of the Suits in Admiralty Act taken in Judge Irving R. Kaufman's opinion in the States Marine case, States Marine Corp. of Del. v. United States, D.C., 120 F.Supp. 585. That was an action brought under the Tucker Act, 28 U.S. C.A. § 1346(a) (2), on the civil side of the District Court, to recover a general average contribution from the United States as owner of part of the cargo carried on the plaintiff's vessel. Jurisdiction was challenged by the United States on the ground that the claims alleged in the complaint are cognizable exclusively under the Suits in Admiralty Act. In sustaining jurisdiction, Judge Kaufman, relying on prior district court decisions and a statement in Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, 493, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553, ruled that the Suits in Admiralty Act does not apply to government owned cargo carried on a private vessel but concerns only cargo carried on merchant vessels operated by or for the United States.

Judge Goddard's doubt as to this interpretation of the Suits in Admiralty Act was well founded. We can see nothing in the language of the Act, or in the purpose of its enactment, to justify restricting the statutory phrase, "cargo owned or possessed by the United States", to cargo carried on a vessel operated by or for the United States. Under the Shipping Act of 1916, 46 U.S. C.A. § 801 et seq., merchant vessels of the United States were subject to seizure in admiralty proceedings.[1] Likewise, government owned cargo on a private vessel had been held to be subject to a libel in rem for salvage or general average claims.[2] The purpose of the Act was

1. The Lake Monroe, 250 U.S. 246, 39 S. Ct. 460, 63 L.Ed. 962.

2. The Davis, 10 Wall. 15, 19 L.Ed. 875; United States v. Wilder, 28 F.Cas. page

to free government shipping, both ships and cargo, from the inconvenience of arrest and seizure, and in lieu thereof to provide a remedy by a libel in personam for persons entitled to redress from the United States by reason of the operation of government ships or the transportation of government cargo.

Section 1 of the Act, 46 U.S.C.A. § 741, provides that [1] "No vessel owned by the United States * * * or [2] in the possession of the United States * * * or [3] operated by or for the United States * * * and [4] no cargo owned or possessed by the United States * * * shall, in view of the provisions herein made for a libel in personam, be subject to arrest or seizure by judicial process * * *." Section 2, 46 U.S.C.A. § 742, provides that "In cases where [1] if such vessel were privately owned or operated, or [2] if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained * * *, a libel in personam may be brought against the United States * * *, provided that such vessel is employed as a merchant vessel * * *." It will be observed that the references to "vessel" or "cargo" are in the disjunctive; each is given immunity from seizure, and the United States consents to be sued in personam in the district, among others, in which "the vessel or cargo charged with liability is found." There is nothing in the history or the words of the Suits in Admiralty Act to suggest that the claim against government cargo is limited to cargo carried on vessels operated by or for the United States. Indeed, so to limit it, would make superfluous the prohibition in section 741 against seizure of cargo owned or possessed by the United States, for government owned cargo was subject to seizure only when carried on a private vessel. If carried on a government vessel, it was "possessed" by the United States and immune from seizure. See The Davis, 10 Wall. 15, at pages 20–22.

To leave subject to arrest government owned cargo, such as munitions of war, when carried on a private vessel, cannot reasonably be thought to have been the legislative intent. The proviso in section 742 that "such vessel is employed as a merchant vessel" apparently refers to government owned or operated vessels; if read broadly enough to include a privately operated vessel it is also satisfied since every privately operated vessel carrying cargo for hire is a merchant vessel. The additional requirement imposed by the district court restricting government cargo to that carried on government vessels or those operated for the government is not justified, in our opinion. "As the words of the section are plain, we are not at liberty to add to or alter them to effect a purpose which does not appear on its face or from its legislative history." Matson Navigation Co. v. United States, 284 U.S. 352, 356, 52 S.Ct. 162, 164, 76 L.Ed. 336.

This gloss upon the statute was introduced by Judge Hulbert in American President Lines v. United States, D.C.N.Y., 75 F.Supp. 110. It was accepted by the district court in Alcoa Steamship Co. v. United States, D.C., 80 F.Supp. 158; but that case was reversed on other grounds, 2 Cir., 175 F.2d 661, affirmed 338 U.S. 421, 70 S.Ct. 190, 94 L.Ed. 225. In Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, 493, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553, this court cited the American President Lines as authority for the statement that "the liability referred to in the statute as arising from the government's ownership of cargo must be one 'directly connected with the Government's ownership and operation of a vessel' * * *." The statement was unnecessary to the decision in the Ryan case, since there the government goods had not been loaded on a vessel but were still on the pier, and the actual decision was that goods were not "cargo" until placed aboard the vessel. The vessel on which the goods were to be loaded was

601, 16,694; The Johnson Lighterage Co. No. 24, D.C.C.C.N.Y., 231 F. 365; see

also Republic of Mexico v. Hoffman, 324 U.S. 30, 37, 65 S.Ct. 530, 89 L.Ed. 729.

a government vessel; hence the Suits in Admiralty Act would have been applicable, under Judge Hulbert's gloss, except for the decision that the goods were not yet cargo.

■ In a case decided by the Court of Claims, subsequent to the decisions pending before us on appeal, that court disagreed with the results reached by the district court in the cases above cited, and found our Ryan case inapplicable. Lykes Bros. S. S. Co. v. United States, Ct.Cl., 124 F.Supp. 622. In accord is Pacific Far East Lines, Inc. v. United States, D.C.Cal., 1952 A.M.C. 815. We agree with the Court of Claims' view that the Suits in Admiralty Act gives the district courts jurisdiction of libels to enforce general average contribution aganist government cargo carried on a private merchant vessel. Consequently the Prudential Steamship case will be reversed and remanded.

The States Marine appeal poses the question whether a suit against the United States for a general average contribution from government owned cargo can be brought only in admiralty under the Suits in Admiralty Act, as the United States contends, or whether, as the shipowner contends, an alternative remedy on the civil side of the district court is available under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), by which the district courts are given "original jurisdiction, concurrent with the Court of Claims" of any claim not exceeding $10,000 "upon any express or implied contract".

The pleadings establish that the plaintiff's vessel left the port of New York in December 1947 with a general cargo, part of which was government owned. She reached the port of Piraeus without accident, and there discharged cargo destined for that port. Between Piraeus and Salonika the vessel stranded without fault on her part. To get her off the strand general average expenditures were made. She reached Salonika on January 28, 1948 and all the government owned cargo destined for that port was there delivered and accepted in regular course, part of the cargo having been delivered from the vessel and part from lighters to which it had been transferred at the time of her strand. A general average statement was served on the United States in October 1951, and by subsequent stipulation the government's share was fixed at $1,623. The plaintiff's action was commenced January 22, 1954. This was timely under the Tucker Act, which provides a six year statute of limitations, 28 U.S.C.A. § 2401(a). It was barred by the two year limitation of the Suits in Admiralty Act, 46 U.S.C.A. § 745, if that statute provides the exclusive remedy. Judge Kaufman having ruled that the Suits in Admiralty Act applies only to government owned cargo carried on a vessel operated by or for the United States, 120 F.Supp. 585, summary judgment on the pleadings was awarded the plaintiff.

It is the plaintiff's theory that by the express terms of the contracts for carriage of its goods the United States obligated itself to make a general average contribution and that such obligation became unconditionally due upon delivery by plaintiff without exercising its lien, and acceptance by defendant in regular course at Salonika. As an alternative cause of action the complaint relies upon a contract implied in fact to pay general average upon delivery of the goods.

In Cutler v. Rae, 7 How. 729, 12 L.Ed. 890 the court discussed the nature of the cargo owner's obligation to pay general average when the saved goods are delivered to him. At page 732 of 7 How. it is said:

"The owner is liable, because, at the time he receives the goods, they are bound to share in the loss of other property by which they have been saved; and he is not entitled to demand them until the contribution has been paid. And as this lien upon his goods is discharged by the delivery, the law implies a promise that he will pay it. But it is not implied by the maritime law which gave the lien. It is implied upon the principles of the common law courts, upon the ground that in

equity and good conscience he is bound to pay the money, and is therefore presumed to have made the promise when he received the goods. Indeed, this case seems, in its principles, to be nothing more than the common law action for money had and received, brought in a court of admiralty."

The Cutler case was a libel in admiralty by the owner of a vessel against the consignee of cargo to whom the master of the vessel had delivered the goods before the libel was filed. The libel was dismissed because the lien was waived by delivery to the consignee. The principles enunciated were approved in Dupont De Nemours & Co. v. Vance, 19 How. 162, 171, 15 L.Ed. 584, and were reaffirmed in Re 4,885 Bags of Linseed, 1 Black 108, 66 U.S. 108, 113, 17 L.Ed. 35, where the court said that the shipowner's lien "is analogous to the lien given by the common law to the carrier on land * * *." See also Det Forenede Dampskibs Selskab v. Insurance Co., 2 Cir., 31 F.2d 658, 659, certiorari denied 280 U.S. 571, 50 S.Ct. 28, 74 L.Ed. 623. And in United States v. Atlantic Mutual Ins. Co., 298 U.S. 483, at page 489, 56 S.Ct. 889, 890, 80 L.Ed. 1296 the court listed among "well recognized" means of enforcing general average contribution, "a suit *in rem* in admiralty against ship or cargo, a suit *in personam* in admiralty against ship owner or cargo owner, and an action at law or a suit in equity against ship owner or cargo owner." [3]

Existence of a contract remedy under the Tucker Act has been recognized in several cases arising subsequent to enactment of the Suits in Admiralty

Act.[4] However, the appellee concedes that these are not controlling precedents, since the opinions do not discuss whether the Tucker Act remedy was repealed by the Suits in Admiralty Act.*

In United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531, which was a libel by a shipper of cargo on a government owned vessel operated by the Fleet Corporation, 276 U.S. at page 214, 48 S.Ct. at page 258, the court said:

"Whether in addition to furnishing an exclusive remedy in admiralty, the act also prevents a resort to any concurrent remedies against the United States or the corporations on like causes of action in the Court of Claims or in courts of law, is a question not presented by these cases and upon which, although referred to in the argument, we express no opinion."

But in Johnson v. United States Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 327, 50 S.Ct. 118, 120, 74 L.Ed. 451, the court concluded "that the remedies given by the act are exclusive in all cases where a libel might be filed under it." The Johnson decision reviewed four cases, one of them being Federal Sugar Refining Co. v. United States, 2 Cir., 30 F.2d 254. That case involved a cargo of sugar shipped on a vessel owned by and operated for the United States as a merchant vessel. The vessel arrived in New York in March 1920 but made delivery of only part of the sugar. In 1924 the cargo owner brought action in the district court against the United States under the Tucker Act to recover damages for

---

**3.** This was a suit in the Court of Claims for a general average contribution in respect to cargo carried on a public vessel. The claim arose prior to enactment of the Public Vessels Act, 46 U.S.C.A. § 781 et seq. The suit was dismissed because the claim was barred by the six year limitation of the Tucker Act.

**4.** The Everett Fowler, 2 Cir., 151 F.2d 662; Conners Marine Co. v. Petterson Lighterage & Tow. Corp., 152 F.2d 657,

certiorari denied United States v. Petterson Lighterage & Tow. Corp., 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029; C. F. Harms Co. v. Erie R. Co., 2 Cir., 167 F.2d 562; Eastern Transportation Co. v. United States, 2 Cir., 159 F.2d 349; Alcoa S.S. Co. v. United States, 338 U.S. 421, 70 S.Ct. 190, 94 L.Ed. 225.

* Sentence stricken on rehearing. See 220 F.2d 660.

failure to perform the contracts evidenced by the bills of lading. The trial court gave judgment for the defendant. This court affirmed on the ground that the action was too late because the six year limitation of the Tucker Act was repealed by the two year limitation of the Suits in Admiralty Act. The Supreme Court reversed and remanded the cause with directions to dismiss for lack of jurisdiction. The case is not precisely in point since it did not involve government cargo carried on a private vessel, but we believe that the reasoning of the opinion, 280 U.S. on page 327, 50 S.Ct. 118, requires us to hold that in such a case the contract remedy formerly available under the Tucker Act is no longer available. This view is in accord with that of the Court of Claims in Lykes Bros. Steamship Co. v. United States, Ct.Cl., 124 F.Supp. 622. See also Calmar S.S. Corp. v. United States, 345 U.S. 446, 455, 73 S.Ct. 733, 97 L.Ed. 1140.

It is true that in United States v. Atlantic Mutual Ins. Co., 298 U.S. 483, 56 S.Ct. 889, 80 L.Ed. 1296, the Supreme Court recognized the jurisdiction of the Court of Claims under the Tucker Act to enforce a contribution for general average in respect to cargo carried on a *public vessel*. But that holding, we think, was based upon the fact that a public vessel was not one "employed as a merchant vessel" and hence not within the purview of the provisions in the Suits in Admiralty Act, 46 U.S.C.A. § 742, whereby the remedy of a libel in personam against the United States was provided. Both the Johnson and the Atlantic Mutual decisions were by unanimous opinions with only six years intervening between them. We think it more reasonable to interpret the Atlantic Mutual decision as holding that the Johnson rule was not applicable to the facts of the Atlantic case than as overruling, sub silentio, the Johnson rule which had been so recently announced. Moreover, the Atlantic Mutual decision dealt with a claim which arose prior to enactment in 1925 of the Public Vessels Act, 46 U.S.C.A. § 781 et seq. Consequently, that case does not collide with our holding in Phalen v. United States, 2 Cir., 32 F.2d 687, that suits under the Public Vessels Act are subject to the statutory limitations of the Suits in Admiralty Act, 46 U.S.C.A. § 745.

In the Prudential appeal the judgment is reversed and the cause remanded for further proceedings. In the States Marine appeal the judgment is reversed and the cause remanded with direction to dismiss.

On Petition of Appellee for Rehearing.

PER CURIAM.

■ In our former opinion it was stated: "However, the appellee concedes that these [cases cited in footnote 4] are not controlling precedents, since the opinions do not discuss whether the Tucker Act remedy was repealed by the Suits in Admiralty Act." As the petition for rehearing points out, we inadvertently overstated the extent of the appellee's concession. This was restricted to Eastern Transportation Co. v. United States, 2 Cir., 159 F.2d 349. The other three cases cited in the footnote were relied upon by the appellee as controlling precedents. In fairness to the appellee, the above quoted sentence is stricken from our opinion, and there is substituted therefor the following: "However, the court does not regard these cases as controlling precedents, since the opinions do not discuss whether the Tucker Act remedy was repealed by the Suits in Admiralty Act: We believe that no concurrent Tucker Act jurisdiction exists in cases where a libel might be filed under the Suits in Admiralty Act. At least this is true when it appears, as it does in the case at bar, that the two year limitation of the latter Act has expired before the Tucker Act suit was filed." The petition for rehearing is denied.