The PENNSYLVANIA RAILROAD COM-
PANY, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 178, Docket 24215.

United States Court of Appeals
Second Circuit.

Argued May 14, 1957.

Decided June 7, 1957.

Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Washington, D. C., Paul W. Williams, U. S. Atty., S.D. N.Y., and Benjamin H. Berman, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, New York City, on the brief), for defendant-appellant.

Herbert M. Lord, of Burlingham, Hupper & Kennedy, New York City, for plaintiff-appellee.

Before CLARK, Chief Judge, and SWAN and POPE, Circuit Judges.

CLARK, Chief Judge.

■ The plaintiff's barge was damaged while in the possession of the defendant under a contract of maritime bailment which did not give rise to a maritime lien so as to support the filing of a libel *in rem.* Almost four years later the plaintiff brought an action in the court below for the damages, relying on the Tucker Act, where the statute of limitations, 28 U.S.C. § 2401, is six years. After issue was joined the defendant moved for judgment on the pleadings on the ground that the claim was barred under the two-year limitation of the Suits in Admiralty Act, 46 U.S.C. §§ 741–745. The remedy granted by the latter Act is exclusive, and its limitation must control if applicable. 46 U.S. C. § 745, as amended in 1950; Prudential S. S. Corp. v. United States, 2 Cir., 220 F.2d 655, 658–660, and cases there cited. Judge Dimock denied the motion, holding in a memorandum opinion that the Suits in Admiralty Act was limited to cases where, had the defendant been a private party, the plaintiff could have proceeded *in rem.* Both parties then moved for summary judgment on stipulated facts. Judge Ryan granted the plaintiff's motion and denied the defendant's in an opinion amplifying the reasoning adopted by Judge Dimock. This appeal is therefore from a final judgment granting the plaintiff its damages.

■ Language in the Supreme Court's first three decisions construing the Suits in Admiralty Act suggested that the Act created only a statutory right to sue *in*

*personam* in cases where prior to the Act the Government could have been sued *in rem*. Blamberg Bros. v. United States, 260 U.S. 452, 458, 459, 43 S.Ct. 179, 67 L.Ed. 346; James Shewan & Sons v. United States, 266 U.S. 108, 111, 112, 45 S.Ct. 45, 69 L.Ed. 192; Nahmeh v. United States, 267 U.S. 122, 124, 45 S.Ct. 277, 69 L.Ed. 536. The logical deduction from this language was that persons who could not sue the United States *in rem* prior to the Act could not sue it *in personam* subsequently. But several cases pointed out that such a construction is inconsistent with the language of the now § 742 indicating coverage of all proceedings in admiralty, whether *in rem* or *in personam,* if the other requirements of that section are met. See, e. g., Agros Corp. v. United States, D.C.S.D.N.Y., 8 F.2d 84, per L. Hand, J., and Markle v. United States, D.C.S.D.Tex., 8 F.2d 87, per Hutcheson, J. In Eastern Transp. Co. v. United States, 272 U.S. 675, 47 S. Ct. 289, 71 L.Ed. 472, the Supreme Court reconsidered the problem and repudiated its prior suggested construction. And this view has been accepted in other cases. U. S. Shipping Board Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202, 212, 48 S.Ct. 256, 72 L.Ed. 531; Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U.S. 320, 325, 326, 50 S.Ct. 118, 74 L.Ed. 451; Prudential S. S. Corp. v. United States, supra, 2 Cir., 220 F.2d 655, 660.

The attempt to distinguish the Eastern Transp. Co. and Rosenberg cases on their facts is unsuccessful for the reasons given in United Fruit Co. v. U. S. Shipping Board Merchant Fleet Corp., D.C. Mass., 42 F.2d 222; for in those cases the *res* in question being under water as wrecks, actions *in rem* were obviously not possible. Cases cited, including our own C. F. Harms Co. v. Erie R. Co., 2 Cir., 167 F.2d 562, and The Everett Fowler, 2 Cir., 151 F.2d 662, certiorari denied 327 U.S. 804, 66 S.Ct. 963, 90 L.Ed. 1029, as well as Burkholder v. United States, D.C.E.D.Pa., 56 F.Supp. 106, either do not discuss the latter decisions or else do not consider the effect of the Suits in Admiralty Act in restricting resort to the Tucker Act. This we pointed out in Prudential S. S. Corp. v. United States, supra, 2 Cir., 220 F.2d 655, 660. The action is therefore time-barred.

Reversed and remanded for dismissal on the merits.