**KAUFMAN et al. v. JOHN BLOCK & CO., Inc., et al.**

District Court, S. D. New York.

Feb. 28, 1945.

Macklin, Brown, Lenahan & Speer, of New York City, for libellants.

Arthur A. Atha, of New York City, for respondents.

CONGER, District Judge.

Respondents have excepted to the libel as being beyond the admiralty jurisdiction of the court. Since there is no diversity or other grounds of jurisdiction, respondents ask that the libel be dismissed.

█ The first cause of action in the libel alleges that the respondents represented themselves to be the agents for the charterer of the vessel "Marie Anna", and solicited from the libellants two shipments for sea carriage by the vessel as shown by two bills of lading annexed to the libel. Thereafter libellants delivered the goods to the respondents at the port of Charleston, South Carolina, where the "Marie Anna" was located and entrusted them to the respondents for delivery to Barranquilla, Colombia. The respondents then demand-

ed the prepayment of the freight, and libellants paid these charges. The respondents failed to deliver the goods, and the libellants have suffered $4,500 in damages in retrieving and reshipping the goods. This cause of action is clearly for the breach of contract to carry goods by sea, and as such is within the admiralty jurisdiction of this court. May v. Hamburg-Amerikanische P. Atkien-Gesellschaft, D.C., 57 F.2d 265, 270.

The second cause of action alleges that the principal "Marie Anna, Inc." is a wholly fictitious corporation, and that the respondents knew it was a wholly fictitious corporation which was not the charterer or operator of the "Marie Anna" or any other vessel; that the respondents represented themselves as officers, directors, and agents for the "Marie Anna", and used fictitious names in so holding themselves; that the respondents knew or should have known that the vessel "Marie Anna" was a yacht, prohibited from carrying cargo for hire, and enjoined by an order of this court from having its registry changed, from sailing from the port of Charleston, South Carolina, and from leaving any port in the United States; that despite this, the respondents issued the bills of lading annexed to the libel; that the checks by which the libellants prepaid the freight were cashed by the "Marie Anna, Inc." through the Paramount Check Cashing Service, after a resolution of the "corporation" had been passed authorizing the service to cash the corporation's checks and a corporate seal was added to the resolution; that the respondents have retained the moneys received from the checks, and the libellants have suffered $4,500 damages.

This cause of action is either for moneys had and received or for fraud. In either event, it is not maritime, but a pure common-law action. This court's admiralty jurisdiction does not extend to any suit not maritime, Rea v. The "Eclipse", 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269, nor can nonadmiralty causes of action be joined to admiralty ones. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; The Yankee, D.C., 37 F.Supp. 512, 513.

Giving full faith and credit to the allegations of the second cause of action in the libel, it seems to me that the charge set forth is one of obtaining money under false and fraudulent representations; a common-law action. True, the artifice used is a bill of lading but this cause of action has not to do with the bill of lading but with the obtaining of money by fraud.

Motion granted only as to the second cause of action. Settle order on notice.