### BLACK SEA STATE STEAMSHIP LINE v. ASSOCIATION OF INTERNATIONAL TRADE DIST. I, Inc., et al.

United States District Court
S. D. New York.

Jan. 12, 1951.

As Amended March 2, 1951.

Hill, Rivkins & Middleton, New York City, by Arthur O. Louis and Mark T. Walsh, New York City, for libelant.

Goetz & Goetz, New York City, by Cecelia H. Goetz, New York City, for respondents Moskowitz Flour Corp. and Joseph Moskowitz.

McGOHEY, District Judge.

The respondents Moskowitz Flour Corporation and Joseph Moskowitz originally moved for leave to amend their answer to an amended libel. The purposed amendment challenged admiralty jurisdiction. Upon the argument the parties stipulated to have the motion considered as one to dismiss the four causes of action against those respondents for want of jurisdiction. This has been done, and the motion is granted.

On or about June 25, 1947, libelant and respondent The Association of International Trade District No. 1 (hereafter called the Association) entered into a charter party for the services of libelant's ship M/V Vtoraya Pyatiletka. The vessel, then in New York, was to load cargo for the Association at Houston, Texas, on or about July 5, 1947. By agreement between libelant and the Association, the charter was not to become effective until libelant received a guarantee of payment of any demurrage charges which might be incurred. On June 27, 1947, libelant's agents, Amtorg Trading Corp., received a letter of guarantee signed by respondent Joseph Moskowitz as president of respondent Moskowitz Flour Corporation. On July 9, no cargo having been loaded and none being on hand for loading, the Association, without prior notice and without libelant's agreement, cancelled the charter. An interlocutory decree has been entered against the Association with a reference to a Special Commissioner to take proof of damages. The claims against Moskowitz Flour Corporation and Joseph Moskowitz are based on the letter guaranteeing demurrage charges. It follows:

"June 27, 1947

"Amtorg Trading Corp.
210 Madison Avenue
New York N. Y.
          "Att: Mr. Needleman
"Dear Sirs:
"We, the undersigned, guarantee the sum of $10,000.00 on a contract between the Association of International Trade, District One, Inc. and Amtorg Trading Corporation.

"This guarantee covers a demurrage charge in the event the Amtorg steamer fails to clear the Houston, Texas, port of loading within the free time alotted by Amtorg Trading Corporation to the shipper.

"A penalty is payable only if the shipper fails to provide the necessary material for loading. Total charges for demurrage should not exceed the sum of $1500.-00 for each day.

"This guarantee becomes null and void immediately after posting of a bond by the office of International Trade to Amtorg Trading Corporation.

          "Very truly yours,
          MOSKOWITZ FLOUR COR-
               PORATION
          "(signed)   Joseph Moskowitz
                         President".

██ Since it is the nature of the contract in suit which controls on the question of admiralty jurisdiction,[1] it seems clear to me that this contract is not within that jurisdiction. Libelant urges that by this letter the Moskowitz Flour Corporation and Joseph Moskowitz "assumed" the obligation of "performing" that part of the maritime contract relating to demurrage. But this is clearly not so. The letter by its terms did not "assume" to take over payment of demurrage as it became due, thus eliminating the Association and substituting the Moskowitz Corporation as a party to the charter in respect to payment of demurrage. It merely agreed to make good any breach of the charter in this respect by the Association. The last paragraph of the letter states that the "guarantee" was to continue only until a bond was posted. It does not appear whether this was done; presumably it was not. But it is not material. The letter was no different than a surety bond to make good any loss on demurrage which libelant might sustain by reason of the Association's breach of the charter. A contract of this nature is not within the admiralty jurisdiction.[2]

This result, I think, is not contrary to Northern Star S. S. Co. v. Kansas Milling Co.,[3] as libelant urges. In that case the libel alleged that the respondent had notified the libelant that, while respondent was not the charterer, it " 'was guaranteeing *the performance of the charter* * * *.' "[4] On a motion to dismiss for lack of jurisdiction, Judge Leibell held that under such a pleading the proof might show that the respondent undertook, in case of default, actually to perform the charter, and thus undertook to perform "a maritime service." The motion to dismiss for lack of jurisdic-

tion was therefore denied. The judge, citing the Pacific Surety Co. case, distinguished between a contract to perform "a maritime service" and a contract of indemnity. The opinion clearly holds that the latter is not within the admiralty jurisdiction.

The third cause of action against Joseph Moskowitz individually charges "fraud and deceit" in falsely representing corporate power in the Moskowitz Flour Corporation to make the "guarantee" contained in the letter quoted above. The fourth cause of action against Joseph Moskowitz charges breach of his individual "representation and warranty" that the "said guarantee" in the quoted letter was "the full act and deed of respondent Moskowitz Flour Corporation thereunto duly empowered, upon which libelant relied."

██ It is urged that these causes of action are within the admiralty jurisdiction. The third cause of action clearly is not.[5] The decision in The Carso [6] is not to the contrary. As to the fourth cause of action, the alleged breach, if any, by Joseph Moskowitz was of a warranty in the letter of "guarantee." This I hold was not a maritime contract.

Since the libel pleads causes of action not within the admiralty jurisdiction, the four causes of action against the respondents Moskowitz Flour Corporation and Joseph Moskowitz cannot be heard on this side of the Court; and as stipulated by the parties and ordered by the Court on November 4, 1950, the said four causes may upon the application of any party hereto be removed to the Civil non-jury side of this Court.

Settle order.

1. Berwind-White Coal Mining Co. v. City of New York, 2 Cir., 135 F.2d 443, 446.

2. Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co., 7 Cir., 151 F. 440.

3. D.C.S.D.N.Y., 75 F.Supp. 534 at page 536.

4. Id., at 534. Emphasis added.

5. Kaufman v. John Block & Co., Inc., D. C.S.D.N.Y., 60 F.Supp. 992.

6. 2 Cir., 53 F.2d 374.