## M. & J. TRACY, Inc. v. UNITED STATES.

No. 335-52.

United States Court of Claims.

May 5, 1953.

and Kaye, Scholer, Fierman & Hays, New York City, were on the brief.

Donald D. Webster, Baltimore, Md., with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant. Robert E. Mitchell, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This suit is before us on the defendant's motion for summary judgment. Defendant says that the pleadings show plaintiff's right to recover, if at all, is on a maritime contract over which the district courts have exclusive jurisdiction.

On May 26, 29, and 31, 1942, defendant requisitioned from plaintiff the use of four of its ships. As required by the Merchant Marine Act of 1936, as amended, 49 Stat. 2015, 53 Stat. 1254, 46 U.S.C.A. § 1242,[1] defendant mailed to plaintiff a requisition charter for the use of each ship, setting forth the terms and conditions of what the War Shipping Administration thought was a fair contract for their use, including the rate of hire. These requisition charters were accepted by plaintiff. They were amended from time to time, and were finally replaced by what is called Amended Time Charters.

Section 902(a) of the Merchant Marine Act of 1936 requires the defendant to return the ships to the owner "in a condition at least as good as when taken, less ordinary wear and tear, or the owner shall be paid an amount for reconditioning sufficient to place the property in such condition." While defendant was using the vessels it placed on them certain armament and other equipment. When the vessels were returned, these things, it is alleged, were not completely removed and the vessels were not returned in a condition as good as when taken.

Frank G. Parker, Flushing, N. Y., for plaintiff. Richard C. Flesch, William E. Goldman, James S. Hays, Bernard Soman

Plaintiff in the first count of its petition sues for just compensation for putting the vessels back in their original condition,

---

[1] This statute is hereinafter referred to as the "Merchant Marine Act of 1936," which reference is to the Act as amended.

grounding its action upon the above-quoted part of section 902 of the Merchant Marine Act of 1936.

In the second count plaintiff sues on clause 11.A and clause 11.D of the Amended Time Charters, which provide that the charterer should remove any gear, equipment or armament installed on the vessels and restore the vessels to their original condition, or pay to the owner an amount sufficient to do so.

Defendant says the acceptance by plaintiff of the Requisition Time Charters and, later, the Amended Time Charters was a satisfaction of plaintiff's rights under the Constitution and the Merchant Marine Act of 1936, and that after their acceptance, its rights are to be determined by the charters, and that jurisdiction of a suit on the charters is in the district courts exclusively.

We are of the opinion that this is correct.

The Merchant Marine Act first provides in subsection (a) of section 902 that when a vessel, or the use of it, is requisitioned, "the owner thereof shall be paid just compensation for the property taken or for the use of such property * * *." Then, in subsection (c) it provides that where the vessel is requisitioned for use, "the Commission * * * shall transmit to the person entitled to the possession of such property a charter setting forth the terms which, in the Commission's judgment, should govern the relations between the United States and such person and a statement of the rate of hire which, in the Commission's judgment, will be just compensation for the use of such property and for the services required under the terms of such charter." Then, it says, that if the proffered charter is unacceptable, the owner may sue for just compensation.

While it is not expressly so stated, it is necessarily implied from these subsections that if the charter is accepted, the owner can no longer sue for just compensation, but must sue on the charter, which he has accepted as the statement of what is just compensation. After acceptance of the charter the question of what is just compensation is no longer open; it is what the contract says it is.

But plaintiff says that with reference to the duty to recondition the vessel the charter does nothing more than repeat the provisions of the statute. In such case, it says, the owner should not be deprived of its right to bring suit for just compensation in any forum in which it could have brought it before the contract was entered into.

But it is not true that the contract does no more than repeat the words of the statute. It states expressly what is only to be implied from the statute. The statute required the restoration of the property to its original condition or the payment of "an amount for reconditioning sufficient to place the property in such condition"; the contract provided for payment of "an amount for reconditioning sufficient to provide for such work or repairs, which amount shall also include compensation at the rate of hire that would otherwise have been payable under this charter, for the time reasonably required under their existing conditions to complete such work or repairs and compensation for other expenses incident to such work or repairs." The statute perhaps implies that the owner shall be paid the charter rate of hire while the owner is reconditioning the vessel; the contract makes this obligation explicit.

Furthermore, the provision for reconditioning was but one of the provisions of the charter. It settled the rate of hire to be paid for the use of the vessel at so much a dead-weight ton and agreed on this tonnage; it agreed on the term of the charter; it agreed on the valuation of the vessel in case it was lost or destroyed; on the place and time of delivery to the charterer, and the place where it was to be redelivered, and when it was to be redelivered. It also agreed on the use to which the vessel was to be put, and defined the charterer's obligation if it was put to any other use, and it defined ordinary wear and tear. In short, it undertook to fully define the obligations of the Government for the use of the vessel.

Some of these obligations, of necessity, could not be stated in dollars and cents, but, insofar as it could, it stated what was just compensation or provided the formula for ascertaining it. It defined the rights of the parties resulting from the

requisition; and, hence, the owner's sole right of action is on the contract.

The Amended Time Charter was preceded by what was called a "Requisition Time Charter" and took the place of the "Requisition Time Charter." The Requisition Time Charter was the one issued pursuant to statute. This Requisition Time Charter contained this provision:

"* * * the owner accepts this charter in full satisfaction of any and all · claims he has or may have against the charterer arising out of the requisition of the vessel and accepts the compensation herein provided for as the compensation required by law."

Plaintiff concedes it "could not agree to accept the charter hire * * * as specifically set forth in the charter, and then later seek in the Court of Claims a different rate of charter hire whether labeled 'just compensation' or otherwise. No remedy in such a situation is offered by section 902(c) of the Act, or indeed by any other section of the Act." (R. 70.)

We are of the opinion that when the plaintiff accepted the charter for one purpose, it accepted it for all. It accepted it, as the charter recited, "in full satisfaction of any and all claims." The owner's sole right to sue is on the charter; after its acceptance, he cannot sue for "just compensation."

■ Plaintiff in its original brief in this case on defendant's motion for summary judgment set out the provision of clause K of the Amended Time Charter, but it did not urge its applicability. In its reply brief it does rely on this clause; but the clause is clearly inapplicable. The Amended Time Charter, of which this clause is a part, provides for two options on the part of the owner, either the acceptance of the charter hire specified therein and the valuation of the vessel therein specified, or the right to sue for just compensation. Clause K, ac-

cording to its terms, is applicable only in the event that the owner does not accept the charter hire and the valuation specified, but reserves the right to sue for just compensation. This the plaintiff did not do. The witnessing clause to the charter reads:

"In Witness Whereof, the Owner has executed this charter in quadruplicate, the 7th day of February, 1945, *and has elected Hire Option One and Valuation Option Two * * *.*" [Italics ours.]

Both of these options specified an agreed amount, and not the right to sue for just compensation.

■ Furthermore, clause C of the Amended Time Charter provides that if the charter is accepted by the owner, but he does not accept the rate of hire or the valuation set forth therein, but elects to sue for just compensation, nevertheless, the charter shall govern all other relations between the owner and the charterer. This, of course, includes the obligation of restoring the vessel to its original condition. After acceptance of the charters, plaintiff's sole right of action was an action on them.

■ Suit on the charter is a suit on a maritime contract and, therefore, is within the exclusive jurisdiction of the District Court. Section 2 of the Suits in Admiralty Act of March 9, 1920, 41 Stat. 525, 46 U.S.C.A. § 742; Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336; Adams v. United States, D.C., 101 F.Supp. 956, affirmed, 1 Cir., 201 F.2d 150. This seems to us too clear to require argument.

It results that defendant's motion for summary judgment must be granted, and plaintiff's petition must be dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.