## FIELD v. UNITED STATES.
### No. 366-52.

United States Court of Claims.

July 13, 1953.

Herbert Lebovici, New York City, Harold D. Safir, New York City, on the brief, for plaintiff.

E. R. Seaver, Kansas City, Mo., with whom was Warren E. Burger, Asst. Atty. Gen., J. Frank Staley, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The petition of plaintiff together with the statements contained in and attached to a motion for call on the Government under Rules 13 and 26 of the rules of this court, allege that the plaintiff is the Temporary Receiver of the United Greek Shipowners Corporation, a Delaware Corporation, appointed by the Supreme Court of the State of New York to sequester the assets of this corporation· pursuant to the provisions of section 977–b of the Civil Practice Act of

the State of New York. These documents, which for the purpose of this motion, are treated as a part of the petition, allege and state that the United States, the owner of some 16 ships, bareboat chartered these vessels to the Royal Greek Government, which thereupon time chartered the vessels back to the United States, appointed the United Greek Shipowners Corporation as its agent in connection with the operation of these vessels under these time charters, and executed a power of attorney authorizing the corporation to perform certain duties and functions on behalf of the Greek Government, including the collection of monies due from the United States under the charters and under certain marine hull insurance policies issued by the United States on these vessels. The United Greek Shipowners Corporation was an ordinary business corporation, organized under the laws of Delaware in 1941, for the purpose of operating for owners' account such ships or vessels as might be delivered to it for that purpose. The corporation maintained its principal place of business in the City of New York.

In this suit plaintiff seeks to recover, as Temporary Receiver of the corporation, on claims for losses under the said marine hull insurance policies issued by the United States on said vessels, which were written by the United States pursuant to the authority of section 10 of the Merchant Marine Act of 1920, 46 U.S.C.A. § 869. Plaintiff also seeks to recover on a claim under the time charter, for alleged unpaid charter hire and sums alleged to have been expended by the corporation for wages of master and crew, and expenses of the vessels.

The defendant has filed a motion to dismiss on the grounds (1) that this court does not have jurisdiction over the subject matter of the suit by reason of the provisions of the Suits in Admiralty Act of March 9, 1920, 41 Stat. 525; 46 U.S.C.A. § 742; (2) that the plaintiff herein does not have the right, the capacity, nor the legal authority to bring this action in this court, and this court does not have jurisdiction over the person of the plaintiff; and (3) that this action is not brought by or in the name of the real party in interest.

After careful consideration and study of the briefs and arguments of counsel for the parties in connection with the defendant's motion to dismiss, and after consideration and study of the provisions of the Suits in Admiralty Act of 1920, and the authorities cited by counsel for plaintiff and defendant in support of their respective positions relative to the question of jurisdiction of this court, we are of the opinion that plaintiff's action is based on maritime contracts and is therefore a proceeding in Admiralty and must, under the provisions of the Suits in Admiralty Act, be brought in the United States district courts. The Suits in Admiralty Act of 1920 withdrew from this court jurisdiction in such cases and vested exclusive jurisdiction thereof in the United States district courts. Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336; Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Calmar S. S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733; De La Rama Steamship Co. v. United States, 344 U.S. 386, 73 S.Ct. 381; M. & J. Tracy, Inc. v. United States, Ct.Cl., 111 F.Supp. 956.

On the facts disclosed by the record and on the authorities cited, we are of the opinion that the first ground of the defendant's motion to dismiss for lack of jurisdiction of the subject matter of the action under the Suits in Admiralty Act is well taken, and is sustained. In view of our conclusion that this court does not have jurisdiction of the claims presented by plaintiff's petition, it is unnecessary to discuss the other grounds of defendant's motion to dismiss.

The defendant's motion to dismiss for lack of jurisdiction is granted, and the plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.