LYKES BROS. STEAMSHIP CO., Inc.

v.

The UNITED STATES.

WATERMAN STEAMSHIP CORPORATION

v.

The UNITED STATES.

Nos. 488-53, 31-54.

United States Court of Claims.

Oct. 5, 1954.

See also 124 F.Supp. 634.

Benjamin W. Yancey, New Orleans, La., for plaintiff in No. 488-53.

Walter P. Hickey, New York City, for plaintiff in No. 31-54. William J. Tillinghast, Jr., New York City, was on the brief.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Hubert H. Margolies and T. F. McGovern, Washington, D. C., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

These cases come before the court on defendant's motions to dismiss plaintiffs' petitions. The question presented is whether a suit for general average contribution by Government cargo is maintainable under the Tucker Act, 28 U.S.C. § 1491, upon which plaintiffs have based their actions, or whether their alleged causes of action are cognizable un-

der the Suits in Admiralty Act, 46 U.S.C. § 741 et seq., which vests jurisdiction in the federal district courts. Sections 1 and 2 of that Act read in part as follows:

"[Sec. 1] No vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States or of such corporation or operated by or for the United States or such corporation, and no cargo owned or possessed by the United States or by such corporation, shall, in view of the provision herein made for a libel in personam, be subject to arrest or seizure by judicial process in the United States or its possessions: * * *." 41 Stat. 525, 46 U.S.C.A. § 741.

"[Sec. 2] In cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against any corporation mentioned in section 741 of this title, as the case may be, provided that such vessel is employed as a merchant vessel * * *. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. * * *." 41 Stat. 525, 46 U.S.C.A. § 742.

The vessels in question, owned by plaintiffs,[1] were operated by them for their own use in commercial shipping and carried, among other things, Government-owned cargoes under bills of lading and space charters. While transporting

said cargo the ships became stranded, with both vessels and cargoes being saved at plaintiffs' expense. Plaintiffs have brought these actions to recover from defendant as part owner of the cargoes a general average contribution toward the rescue expenditures. Defendant has moved to dismiss on the grounds that plaintiffs' remedy, if any, is a suit in the district court under the Suits in Admiralty Act.

Plaintiffs' contention is that a suit with respect to Government-owned cargo is not authorized under the above Act unless such cargo is carried on vessels owned or operated by or for the United States. Plaintiffs point out that here while Government cargo is involved the ships were privately owned and were not operated by or for the United States. In short, plaintiffs argue that Congress in referring to cargo in the Act had reference to only Government cargo on vessels which fell within the terms of the Act.

Defendant asserts that the plain language of the Act shows no such intention. Defendant contends that the Act provided, *inter alia*, for three distinct objectives which are pertinent here: (1) It gave immunity from seizure to Government-owned vessels or vessels operated by or for it employed in the merchant service, (2) excepted from seizure Government cargo and (3) substituted for the in rem proceeding which could be had in admiralty courts if private parties were involved a proceeding in personam against the United States whenever (1) or (2) was found to exist.

The enactment of the Suits in Admiralty Act shortly after the close of the First World War stemmed from a desire on the part of Congress to prevent interference with the Government's traffic in the commercial shipping trade which traffic had become quite extensive during the war period. Under the Shipping Act of 1916, 39 Stat. 728, 46 U.S.C.A. § 801 et seq., the Supreme Court held that Gov-

1. In No. 488-53, Lykes Bros. Steamship Co., Inc. operated the S.S. Benjamin Huntington as bareboat charterer and as owner *pro hac vice*.

In No. 31-54, Waterman Steamship Corporation operated the S.S. Fairisle as owner.

ernment vessels or those operated for it were subject to arrest and seizure in admiralty proceedings. The Lake Monroe, 250 U.S. 246, 39 S.Ct. 460, 63 L.Ed. 962. For many years Government-owned cargo on private vessels had been subject to in rem actions in the admiralty courts. The Davis, 10 Wall. 15, 19 L.Ed. 875.

Therefore, Congress in a move to free Government shipping from these restrictions passed the Suits in Admiralty Act which removed the restrictions and at the same time via a suit in personam provided a remedy for those seeking redress against the Government arising from the operation of Government ships or the transportation of Government cargo. The remedy under that Act is exclusive. Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451.

The language of the Act supports defendant's position. Section 741 speaks of "No vessel owned by the United States * * * or in possession of the United States * * * or operated by or for the United States * * *, *and no cargo owned or possessed by the United States * * *,* shall, in view of the provision herein made for a libel in personam, be subject to arrest or seizure * * *." [Italics supplied.] Section 742 provides for the libel in personam vesting jurisdiction in the district court. Nothing in the language suggests the construction urged by plaintiffs. Both the language in the Act as well as that of the original bill as passed by the Senate and the amendment to Section 1 (Sec. 741) offered in the House treat the terms "vessel" and "cargo" in the disjunctive.[2] This language, when read in light of the purposes behind the Act, the fact that general average contribution is a maritime cause of action and that the district courts are the accustomed forum for admiralty matters, supports the view we take here. Calmar S. S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733, 97 L. Ed. 1140; M. & J. Tracy, Inc., v. United States, 111 F.Supp. 956, 125 Ct.Cl. 70, certiorari denied 346 U.S. 854, 74 S.Ct. 68; Field v. United States, 113 F.Supp. 190, 125 Ct.Cl., 559, certiorari denied 346 U.S. 922, 74 S.Ct. 308.

In so holding we respectfully disagree with results reached by the District Court of the Second Circuit in American President Lines, Ltd. v. United States, 75 F.Supp. 110, States Marine Corp. of Delaware v. United States, D.C., 120 F.Supp. 585, and Prudential Steamship Corp. v. United States, D.C., 122 F. Supp. 164. Our holding, however, is in accord with that of the District Court of California in Pacific Far East Lines, Inc., v. United States, D.C.N.D.Cal., 1952, A.M.C. 815. The decision in Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553, relied upon by the plaintiffs here and by the court in the States Marine and Prudential cases, we find to be inapplicable.[3]

2. Senate Bill 3076, 66th Cong., 1st Sess. and House Amendments, 66th Cong., 2d Sess. appear in 59 Cong.Rec. 1678.

3. The facts of that case are briefly these: A truck being operated on a Hoboken pier by the Ryan Stevedoring Co. collided with metal drums containing highly explosive and inflammable material belonging to the Government and about to be loaded on a Government vessel. A fire resulted causing damage to a nearby vessel. The owner of that vessel filed a libel against the Ryan Co., and the latter sought to implead the United States alleging that the Government was negligent in the care of its drums which negligence caused the fire. Jurisdiction in the district court was sought under the Suits in Admiralty Act. The court held the Act inapplicable stating that the liability referred to in the Act arising from Government ownership of cargo must be one " 'directly connected with the Government's ownership and operation of a vessel' ". That decision was affirmed on appeal, 175 F.2d 490, 493, 494, wherein the circuit court also stated: "And the drums on the pier, even if about to be loaded upon a vessel, cannot be considered cargo in any real sense having to do with navigation of government vessels. Here there seems no reason why the standard test of admiralty—location—should not be given its natural effect."

Defendant's motions to dismiss are granted and plaintiffs' petitions are dismissed. It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.