**UNITED STATES LINES COMPANY,**

v.

**THE UNITED STATES.**

No. 140–53.

United States Court of Claims.

Oct. 5, 1954.

Walter P. Hickey, Washington, D. C., for plaintiff. Cletus Keating, Vernon S. Jones, and James B. Magnor, New York City, were on the briefs.

Leavenworth Colby, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant. J. Frank Staley, Washington, D. C., and E. Robert Seaver, Kansas City, Mo., were on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss plaintiff's petition on the ground that exclusive jurisdiction of the cause of action therein asserted is in the United States District Court sitting in admiralty.

The petition alleges that from March 10, 1942, through September 10, 1942, its motor vessel American Leader "was being operated for the administrator of the War Shipping Administration by the plaintiff, United States Lines Company, in accordance with a time charter agreement," under which defendant "agreed to provide and pay for or assume war risk protection and indemnity insurance with respect to said vessel for the benefit of the plaintiff. * * *"

The vessel was shelled, torpedoed, and sunk on September 10, 1942, as a result of which certain members of her crew sustained personal injuries and were taken captive by the Germans, and interned as prisoners of war by the Japanese, to whom they had been turned over by the Germans.

After the sinking of the vessel, defendant, on September 14, 1942, issued a war risk binder with respect to the motor vessel American Leader, which included "War P & I" (meaning war protection and indemnity), and which provided that it should be retroactive to April 4, 1942. Subsequently, the defendant issued a War Risk Protection and Indemnity policy. It is alleged that this policy insured plaintiff, among other

things against "capture, seizure, * * arrest, restraint, or detainment, or the consequences thereof, or of any attempt .thereat, or the consequences of hostilities or warlike operations, whether before or after the declaration of war."

On the 13th day of October 1952, plaintiff and defendant and the American Steamship Owners Mutual Protection and Indemnity Association Inc., entered into an agreement authorizing the compromise and settlement of the claims of the crew members referred to above, who had brought suit against the plaintiff. Thereafter, on November 25, 1952, December 2, 1952, and March 4, 1953, plaintiff settled with these seamen in the total amount of $45,000. It sues for this amount, plus expenses incurred in the defense of said suits, including attorneys' fees.

We agree with plaintiff that its right of action is on the War Risk Protection and Indemnity insurance policy. The charter party provided that the defendant "agreed to provide and .pay for or assume war risk protection and indemnity insurance." The policy was issued in pursuance to this agreement. When it was issued the agreement was satisfied, and, therefore, of course plaintiff's right of action is on the policy. But, according to the Act of June 29, 1940, 54 Stat. 689, 46 U.S.C.A. § 1128, under which such insurance was authorized, an action on such a policy had to be brought in the District Court. Levine v. United States, 80 F.Supp. 674, 112 Ct.Cl. 187, certiorari denied 336 U.S. 936, 69 S.Ct. 746, 93 L.Ed. 1095, and cases cited therein.

Plaintiff's reply to this is that the Act of June 29, 1940, supra, was repealed by the Joint Resolution of July 25, 1947, 61 Stat. 449, 450, and that the liability of the United States on said policy did not arise until after the repeal; and, hence, the provision for the bringing of an action on the policy in the District Court was not in force and effect when this action was brought. It says that the policy did not insure plaintiff against liability, but against loss, and that there was no loss until the seamen were paid on November 25, 1952, December 2, 1952, and March 4, 1953. Since this was after the repeal of the Act of June 29, 1940, supra, giving exclusive jurisdiction to the district courts, it says that these courts do not have exclusive jurisdiction of this action.

This position is not well taken. The War P & I binder was issued while the Act of June 29, 1940, supra, was in force, and the Joint Resolution of July 25, 1947 did not attempt to terminate such a policy or to extinguish any liability, potential or perfected, that may have been incurred under it.

Moreover, section 13 of the Revised Statutes, as amended, Act of July 30, 1947, 61 Stat. 633, 635, provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. * * *"
1 U.S.C. § 109.

So that, both the policy and the Act under which it was issued were in full force and effect when defendant's inchoate liability to plaintiff on account of the sinking of the vessel and the capture of members of its crew became fixed and definite by the compromises entered into with these seamen and by the payments made pursuant thereto.

That Act gave the district courts exclusive jurisdiction of suits on such policies.

It could hardly be conceived that Congress by the Joint Resolution of July 25, 1947, supra, meant to extinguish a liability under the policy already incurred, subject only to the confession or adjudication of liability and the determination of the amount and its payment. It is at least doubtful that it could have done so constitutionally. De La Rama Steamship Co., v. United States, 344 U.S. 386, 73 S.Ct. 381, 382, 97 L.Ed. 422.

378

The rationale of that case is applicable here. It was there conceded by the Government that its liability under such a policy "survived the Joint Resolution" of July 25, 1947. The Supreme Court agreed. It also held that, not only the liability survived, but also the means for enforcing that liability.

The only distinctions between that case and this case are that the petition in that case was filed before the repeal, whereas in this case it was filed after the repeal, and here the policy was one of indemnity; but these distinctions are immaterial. The material fact in both cases is that the event giving rise to the liability happened while the policies were in force and before the repeal of the Act under which they were issued.

See also Field v. United States, 113 F.Supp. 190, 125 Ct.Cl. 559, certiorari denied 346 U.S. 922, 74 S.Ct. 308; and M. & J. Tracy, Inc., v. United States, 111 F.Supp. 956, 125 Ct.Cl. 70, certiorari denied 346 U.S. 854, 74 S.Ct. 68.

Defendant's motion to dismiss is granted, and plaintiff's petition is dismissed.

It is so ordered.