Kathryn H. Baldwin, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

On April 5, 1955, the court rendered an opinion granting defendant's motion to dismiss plaintiff's petition. Plaintiff has now moved for a rehearing, contending, *inter alia*, that the court erred as a matter of law in failing to view the petition in the light most favorable to plaintiff. He now asks that at the very least the dismissal should be without prejudice with leave to amend his petition to restate his cause of action.

Although plaintiff's petition was filed prior to this court's decision in Uhley v. United States, 121 F.Supp. 674, 128 Ct. Cl. 608, and never amended, plaintiff briefed his case under the theory of recovery advanced in that decision. Our opinion of April 5 held the Uhley case to be inapplicable and dismissed the petition because the alleged cause of action accrued as far back as 1946 and was therefore barred by the statute of limitations.

It was further pointed out that the facts as disclosed by the petition negated any possible claim of arbitrary action on the part of the Correction Board. Nor has plaintiff in his present motion supplied anything further which would cure this defect. In these circumstances a mere allegation of arbitrary or capricious action is not in itself sufficient. Oro Fino Consolidated Mines, Inc., v. United States, 92 F.Supp. 1016, 118 Ct. Cls. 18, certiorari denied, 341 U.S. 948, 71 S.Ct. 1015, 95 L.Ed. 1371.

Plaintiff's motion for rehearing is denied.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.

AGRICULTURAL INSURANCE COMPANY et al.
v.
The UNITED STATES.
No. 481–54.

United States Court of Claims.
July 12, 1955.

Walter P. Hickey, New York City, for plaintiffs.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

Plaintiff and one hundred forty-four other plaintiffs sue for general average contribution from the United States for the expense of extinguishing a fire on the S. S. *Winslow Homer* on which de-

fendant, with others, had shipped certain goods.

Defendant defends on the ground that the district courts have exclusive jurisdiction for such a cause of action under the Suits in Admiralty Act, as amended and Public Vessels Act, 46 U.S.C.A. §§ 741–752, 781–790.

Defendant is clearly right. Matson Navigation Co. v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336; Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Calmar S. S. Corp. v. United States, 345 U.S. 446, 455, 73 S.Ct. 733, 97 L.Ed. 1140; M. & J. Tracy, Inc., v. United States, 111 F.Supp. 956, 125 Ct.Cl. 70, 75, certiorari denied 346 U.S. 854, 74 S.Ct. 68, 98 L.Ed. 368; Field v. United States, 113 F.Supp. 190, 125 Ct.Cl. 559, 561, certiorari denied 346 U.S. 922, 74 S.Ct. 308, 98 L.Ed. 416; Atlantic Coast Line Railroad Co. v. United States, 120 F.Supp. 917, 128 Ct. Cl. 747, certiorari denied 348 U.S. 872, 75 S.Ct. 108; Lykes Bros. S. S. Co. v. United States, 124 F.Supp. 622, 129 Ct.Cl. 455, certiorari denied 348 U.S. 971, 75 S. Ct. 530; Waterman S. S. Corp. v. United States, 124 F.Supp. 634, 129 Ct.Cl. 460, certiorari denied 348 U.S. 971, 75 S.Ct. 530; Prudential S. S. Corp. v. United States (States Marine Corp. of Del. v. United States), 2 Cir., 220 F.2d 655.

Defendant's motion to dismiss is granted, and plaintiffs' petition is dismissed.

It is so ordered.