SMITH-JOHNSON STEAMSHIP CORP.

v.

The UNITED STATES.

No. 98-55.

United States Court of Claims.

July 12, 1956.

Arthur M. Becker, Washington, D. C.; Melvin Spaeth, Gerald B. Greenwald and Becker & Maguire, Washington, D. C., on the brief, for plaintiff.

Leavenworth Colby, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and LARAMORE, Judges.

PER CURIAM.

In our opinion in this case rendered March 6, 1956, 139 F.Supp. 298, which was before us at that time on plaintiff's motion to strike defendant's special defense, we granted that motion, holding that plaintiff's petition was based on a statute and did not arise out of the maritime contract between the United States and plaintiff. Hence, we said the courts of admiralty did not have jurisdiction of such a case and that this court did.

The Second Circuit Court of Appeals had held in Sword Line, Inc., v. United States, 228 F.2d 344, that the suit was on the contract, and since the contract was for the charter of a ship, it was maritime in nature, and, therefore, the admiralty courts had jurisdiction. Certiorari was granted in that case, and the Second Circuit was affirmed by the Supreme Court, 76 S.Ct. 1047, in a *per curiam* opinion, which reads:

> "*Per curiam.* Certiorari is granted limited to the question whether admiralty had jurisdiction over the controversy stated in the libel and the judgment is affirmed. The libel, though dependent on a

statute, alleges unjust enrichment from a maritime contract. Archawski v. Hanioti, 350 U.S. 532, 76 S. Ct. 617. Affirmed."

■ Since it is now settled that such causes of action are maritime causes of action and that, consequently, courts of admiralty have jurisdiction of them, this court does not have jurisdiction, because it is settled that the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., vesting jurisdiction in the district courts, "furnish[es] the exclusive remedy in admiralty against the United States and the corporations on all maritime causes of action arising out of the possession or operation of merchant vessels." Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 120, 74 L.Ed. 451.

Plaintiff, Smith-Johnson Steamship Corporation, in its memorandum brief filed pursuant to the Court's order of June 14, 1956, says this case was overruled by the Supreme Court in Brady v. Roosevelt Steamship Co., 317 U.S. 575, 578, 63 S.Ct. 425, 87 L.Ed. 471.

In the opinion in Johnson v. United States Shipping Board Emergency Fleet Corp., supra, the court dealt with four cases, of which United States Shipping Board Merchant Fleet Corporation v. Lustgarten was one. In the Lustgarten case, an action at law for damages for personal injuries was brought in the United States District Court against the Fleet Corporation and the Navigation Company. The Navigation Company was a private corporation operating a vessel owned by the United States as the agent of the United States. Defendant's answer alleged that "plaintiff's remedy is provided exclusively by the Suits in Admiralty Act," and, since his action was brought on the law side of the court, rather than the admiralty side, the suit should be dismissed.

The Supreme Court held that courts of admiralty had exclusive jurisdiction and, hence, it remanded the case with directions to the District Court to dismiss it.

In Brady v. Roosevelt Steamship Co., supra, the Supreme Court said it was erroneous to have dismissed the case as against the private company operating the ship as agent for the United States; but it reaffirmed its former action in dismissing it as to the Fleet Corporation. It said [317 U.S. 575, 63 S.Ct. 427]:

"There is ample support for the holding in the Johnson case that § 2 of the Suits in Admiralty Act was intended to provide the only available remedy against the United States or its wholly owned corporations for enforcement of maritime causes of action covered by the Act. * * * *"

Therefore, instead of impairing the authority of Johnson v. United States Shipping Board Emergency Fleet Corp., supra, so far as the question now before us is concerned, Brady v. Roosevelt Steamship Co., supra, upholds it and reaffirms the exclusive jurisdiction of courts of admiralty "for enforcement of maritime causes of action covered by the Act."

■ In Sword Line, Inc., v. United States, supra, the Supreme Court has said this action was a maritime one and was covered by the Act. Hence, we have no alternative other than to deny plaintiff's motion for summary judgment and to grant defendant's motion to dismiss plaintiff's petition for lack of jurisdiction.

It is so ordered.