**MARTRAN STEAMSHIP COMPANY,**
Inc., Libelant,

v.

**AEGEAN TANKERS LIMITED,**
Respondent.

United States District Court
S. D. New York.
Feb. 11, 1959.

Haight, Gardner, Poor & Havens, New York City, for libelant. Tallman Bissell, Charles S. Haight, Jr., New York City, of counsel.

Nelson, Healy, Baillie & Burke, New York City, for respondent. Richard T. O'Connell, New York City, of counsel.

DAWSON, District Judge.

This is a motion in an action in admiralty brought by Martran Steamship Company, Inc. (hereinafter called "Martran") as agents for the owners of the

478

Honduran flag steamship Matheos, against Aegean Tankers Limited, a New York corporation (hereinafter called "Aegean") to overrule respondent's exceptions to the libel in this action.

The original libel states two causes of action. The first cause of action alleges, in substance, that Martran, acting as agents for the owners of the Matheos, chartered her to Chilean Nitrate and Sales Corporation (hereinafter called "Chilean"). Chilean in turn subchartered the vessel to Aegean for the period contemplated by the original charter between Martran and Chilean. The original charter obligated Chilean to return the vessel to Martran in good condition, and the sub-charter imposes a similar obligation upon Aegean to return the vessel in good condition to Chilean. During the performance of the sub-charter the Matheos allegedly suffered extensive damage and at the conclusion of the charter period Martran released Chilean from liability for this damage allegedly in exchange for and in reliance upon Aegean's promise to pay Martran directly for the cost of repairs. The libel further alleges that Aegean has failed and refused to pay for the cost of these repairs.

The second cause of action alleges that during the sub-charter period Martran incurred fuel barging expenses for which Aegean had promised to reimburse Martran, and that Aegean has failed and refused to make such reimbursement.

Aegean excepted to the first cause of action on the ground that it in effect "seeks recovery upon an alleged promise of respondent to answer for the debt, obligation or responsibility of another" and accordingly is not within the admiralty jurisdiction of this court.

Aegean excepted to both the first and second causes of action on the grounds that libelant was not the real party in interest.

■■ The basic issue raised on this motion is whether this action is within the jurisdiction of this court under the provisions of § 1333 of Title 28 of the United States Code, giving district courts original jurisdiction "of any civil case of admiralty or maritime jurisdiction." As to respondent's contention that the libelant is not a real party in interest, it is clear that it is not essential that the libelant be the owner of the cause of action, so long as he is duly qualified to represent the real party in interest. National Interocean Corp. v. Emmons Coal Mining Corp., D.C.E.D.Pa.1921, 270 F. 997. The law is settled that an agent may sue in admiralty on behalf of his principal. Fisser v. International Bank, D.C.S.D. N.Y.1958, 164 F.Supp. 826, 1958 A.M.C. 1426; Aunt Jemima Mills Co. v. Lloyd Royal Belge, 2 Cir., 1929, 34 F.2d 120, 121; Cragin & Co. v. International S. S. Co., 2 Cir., 1926, 15 F.2d 263.

■ The third paragraph of the libel indicates that Martran entered into this agreement with Chilean "as agents for the owners" of the vessel. This agency relationship apparently continued throughout the transaction and qualifies Martran to act on behalf of the owner.

■ As to respondent's contention that this action is not clearly within the admiralty jurisdiction of this Court, the law is well established that the nature of the contract or matter in dispute controls as to the question of admiralty jurisdiction. Black Sea State Steamship Line v. Association of International Trade District 1, Inc., D.C.S.D.N.Y.1951, 95 F.Supp. 180.

■ Ordinarily if a contract relates to a ship in its use as such, or to commerce on navigable waters, such contract is the subject of maritime law and the case is one of admiralty jurisdiction, whether the contract is one to be performed on land or water. Compania Argentina De Navegacion Dodero v. Atlas Maritime Corp., D.C.S.D.N.Y.1956, 144 F.Supp. 13.

In analogous situations the courts have indicated that the maritime flavor in actions such as this is sufficient to place it within the admiralty jurisdiction of the district courts. Compagnie Francaise De Navigation a Vapeur v. Bon-

nasse, 2 Cir., 1927, 19 F.2d 777, certiorari denied American Exchange Irving Trust Co. v. Bonnasse, 1927, 275 U.S. 551, 48 S.Ct. 114, 72 L.Ed. 421.

Recent pronouncements of the Supreme Court indicate the definition of "maritime contracts." In Archawski v. Hanioti, 1956, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676, respondent received money for passage, kept the money and did not furnish the passage. The Court upheld admiralty jurisdiction over the suit for restitution saying that "we conclude that, so long as the claim asserted arises out of a maritime contract, the admiralty court has jurisdiction over it." 350 U.S. at page 535, 76 S.Ct. at page 620.

In Sword Line, Inc. v. United States, 2 Cir., 1955, 228 F.2d 344, affirmed 1956, 351 U.S. 976, 76 S.Ct. 1047, 100 L.Ed. 1493, the court found admiralty jurisdiction over a libel to recover overpayments of charter hire, setting up a broad test of the inherent maritime character of the underlying transaction. The court indicated that unrealistic and harsh limitations seeking to confine contracts with a maritime flavor solely in the civil law are contrary to the real spirit of admiralty.

In Putnam v. Lower, 9 Cir., 1956, 236 F.2d 561, 569, the court stated that "where the original jurisdiction is maritime, a court of admiralty may entertain an issue of fraud, mistake, or other equitable claim, where either is alleged as affecting the rights of parties to a maritime action." See also, Smith-Johnson S. S. Corp. v. United States, 1956, 142 F.Supp. 367, 135 Ct.Cl. 866; Compania Argentina De Navegacion Dodero v. Atlas Maritime Corp., supra.

It thus appears that libelant is the real party in interest and under the jurisdiction of the admiralty court as defined by the Supreme Court the first cause of action has sufficient maritime flavor to be retained in admiralty jurisdiction.

As to the second cause of action for fuel barging and expenses, contracts providing for supplies for a particular ship have long been held to be within the maritime jurisdiction of the federal courts. Compania Argentina De Navegacion Dodero v. Atlas Maritime Corp., supra; Reed v. Weule, 9 Cir., 1910, 176 F. 660; The Hiram R. Dixon, D.C.E.D. N.Y.1887, 33 F. 297.

Therefore libelant's motion to overrule respondent's exceptions to the libel is hereby granted. So ordered.