Court of Claims jurisdiction; Suits in Admiralty Act.— On January 25, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
*592 This case is before the court on defendant’s unopposed motion to dismiss. Plaintiff is the owner of a South Vietnamese shipping company that entered into a charter contract with a representative of the South Vietnamese government. It is argued by plaintiff that this contract was not truly an agreement between the South Vietnamese government and plaintiff, but rather it was in fact a contract between the United States and the Nam Hai Marine Lines. Plaintiff advances this assertion on the basis of a formal decision by the Comptroller General of the United States. In that decision, the Comptroller General, in reviewing plaintiffs contract, determined that under the transportation contract, signed by the South Vietnamese representative and plaintiff, that the question of recovery against the United States should be considered in the same light as if the contract had been signed by a representative of the United States.
Under the terms of the contract, plaintiff agreed to charter his vessel to the United States Government for the transportation of petroleum, for a period of 6 months, at a cost of $38,000 per month. This petroleum was to be used by the armed forces of South Vietnam. It is alleged that defendant paid plaintiff the first two monthly installments on the contract, and then ceased to make further payments. Therefore, plaintiff seeks damages due to the breach of contract that resulted from defendant’s failure to continue payments.
Plaintiff further asserts that on April 25, 1975, the Republic of Vietnam fell to the North Vietnamese. Plaintiffs vessel was ordered to Singapore where the master of the vessel was ordered by defendant’s agents to offload its cargo of petroleum. Defendant subsequently sold this cargo to the government of Singapore for valuable consideration.
In compliance with further orders, defendant’s agents also required plaintiff to transport 1,000 Vietnamese refugees to Guam, at an expense to plaintiff of over $17,900. Therefore, for damages resulting from the breach of its original contract and for "quantum meruit” services rendered to defendant, plaintiff demands judgment against the United States in the sum of $98,799.96.
Plaintiff further demands attorney’s fees pursuant to the terms of the charter contract.
*593 In response to defendant’s motion to dismiss, a threshold question has been presented for this court’s determination. Assuming as true the facts as alleged by plaintiff, the defendant argues in its motion that this court does not have jurisdiction over a contract for the charter of a vessel for the carriage of goods in a maritime trade. We agree. This court cannot reach the issues presented by plaintiff without overstepping our established jurisdictional boundaries. Plaintiff must seek relief elsewhere.
The Suits in Admiralty Act, 46 U.S.C. § 742 (1976), provides that causes of action compelling a proceeding in admiralty shall be brought in a district court of the United States. By enacting the Suits in Admiralty Act, Congress moved to free governmental ships from the restrictions normally imposed on vessels within the maritime trade. Lykes Bros. S.S. Co. v. United States, 129 Ct. Cl. 455, 458, 124 F. Supp. 622, 623 (1954), cert. denied, sub nom. Waterman Steamship Corp., 348 U.S. 970 (1955). The act was intended to provide a remedy for seeking redress against the Government arising from the operation of Government ships, or the transportation of Government cargo. The remedy afforded by the act was intended to be exclusive. Id., 129 Ct. Cl. at 459, 124 F. Supp. at 624. It is held that services required by plaintiff under the contract, namely the transportation of Government cargo, were maritime in nature and outside the jurisdiction of this court. Even when suits like the above are founded upon express or implied contracts made with the United States, they are not cognizable under the Tucker Act jurisdiction of the court. New Orleans Stevedoring Co. v. United States, 185 Ct. Cl. 604 (1968), cert. denied, 397 U.S. 1064 (1970); Smith-Johnson S.S. Corp. v. United States, 135 Ct. Cl. 866, 142 F. Supp. 367, cert. denied, 352 U.S. 895 (1956).
it is therefore ordered, upon consideration of the parties’ submissions and other papers, but without oral argument, that defendant’s motion is granted and plaintiffs petition is dismissed.